### Hanna *vs.* Mills & Hooker.

Where goods are sold to be paid for by a note or bill, payable at a future day which is not delivered according to the terms of sale, the vendor may sue immediately for *a breach of the special agreement* and recover as *damages,* the whole value of the goods, allowing a rebate of interest during the stipulated credit; he cannot, however, maintain assumpsit on the *common counts* until the credit has expired.

A declaration averring a sale of goods to be paid for by a note of the purchaser *with an endorser satisfactory to the vendor,* is not supported by proof, that the goods were sold at auction on a notice in this form: " Terms of sale—over $100, six months—satisfactory notes," without evidence that *satisfactory notes* according to *mercantile usage,* mean *notes with satisfactory endorsers.*

In assumpsit where *non assumpsit* and *payment* are pleaded, and the jury pass upon the first plea finding a verdict for the plaintiff, *error* will not lie for the omission to pass upon the second.

Error from the superior court of the city of New York. This was an action of *assumpsit* by *Mills and Hooker* against *Hanna.* The plaintiffs in the first count of the

Hanna v. Mills.

declaration set forth a special agreement, made 9th March, 1836, by which the defendant in consideration that the plaintiffs would sell and deliver to him certain goods of the value of $1477 93, undertook and promised to pay the plaintiffs for the goods by a promissory note to be made by the defendant for the said sum of money. bearing date the 9th day of March, 1836, payable six months after date *to the order of, and endorsed by a person who should be satisfactory as such endorser to the plaintiffs.* Averment that the goods were delivered on the same day and the note demanded, but not given, &c. The *second count* was on a like sale of goods to the amount of $240 80 on the 24th March, 1836. The declaration also contained the common counts for goods sold and delivered, &c. The suit was commenced 28th April, 1836. The pleas were *non assumpsit*, and payment. On the trial the plaintiffs proved the sale and delivery of the two parcels of goods. The sales were at auction, and the terms thereof as expressed on the sales book, were as follows : " Terms of sale, over $100—six months, satisfactory notes." The plaintiffs' clerk testified that the goods were delivered, and that he called on the defendant and demanded his *notes with satisfactory endorsers according to the terms of sale.* The defendant moved for a nonsuit on the ground that the proof of the terms of sale did not support the declaration. The motion was overruled, and the defendant excepted. The jury, as appears from the record, found that the defendant *did undertake,* &c., and assessed the plaintiffs' damages at $1730 06 ; but did not pass upon the issue taken on the plea of payment. Judgment having been rendered for the plaintiffs, the defendant sued out a writ of error.

*S. Stevens,* for the plaintiff in error.

*M. T. Reynolds,* for the defendants in error.

*By the Court,* BRONSON, J. Several objections are taken to this judgment.

1. It is said that the jury did not pass upon the issue on the plea of payment. The verdict is only informal—not

defective in substance. Payment might have been given in evidence under the general issue, as well as under the special plea; and if it was proved, the jury could not have found for the plaintiffs on non-assumpsit. The jury have therefore in effect, though not in form, passed upon both issues. *Law* v. *Merrills*, 6 Wendell, 268. This is not like the case of *Boynton* v. *Page*, 13 Wendell, 425, on which the plaintiff in error relies. There the jury in an action of replevin found for the plaintiff on the plea of *non cepit* without taking any notice of another plea, of property, in a third person, and justifying the taking under an attachment. This matter could not have been given in evidence under the plea of *non cepit*; and the second issue was not at all involved in the first. It might very well be that the defendant took the goods, and that he had a right to do so, because they belonged to the third person against whom he had an attachment. The verdict did not go to the question of property in the goods—neither directly, nor by necessary implication; and consequently it could not authorize a judgment for the plaintiff. But here the verdict, though informal, covers the whole ground.

2. When goods are sold to be paid for by a note or bill payable at a future day, and the note or bill is not given, the vendor cannot maintain assumpsit on the general count for goods sold and delivered, until the credit has expired; but he can sue immediately for a breach of the special agreement. 4 East, 147. 3 Bos. & Pul. 582. 9 East, 498. 3 Camp. 329. In such an action he will be entitled to recover as damages the whole value of the goods, unless perhaps there should be a rebate of interest during the stipulated credit. The cases referred to by the counsel for the plaintiff in error give no countenance to the argument in favor of a different rule of damages. The right of action is as perfect on a neglect or refusal to give the note or bill, as it can be after the credit has expired. The only difference between suing at one time or the other, relates to the *form of* the *the remedy*; in the one case the plaintiff must declare specially, in the other he may declare generally. The remedy itself is the same in both cases. The damages are

Hanna v. Mills.

the price of the goods. The party cannot have two actions for one breach of a single contract; and the contract is no more broken after the credit expires than it was the moment the note or bill was wrongfully withheld.

3. According to the terms of sale, the purchaser was to pay for the goods by a *satisfactory note*. The contract laid in the declaration is to pay for the goods by a note to be made by *the purchaser*, payable to *the order of, and endorsed* by a person who should be satisfactory as such endorser to the vendor. It is not improbable that persons acquainted with the course of this business may have understood the terms of sale as the pleader has expounded them. But there was no proof that the words had acquired any peculiar meaning among merchants, and I am unable to say that a satisfactory note necessarily means either a note of *the vendee* or an *endorsed* note. For aught I can see, the note of a third person of undoubted solvency, or a note of the vendee with sufficient sureties, would have been a performance of the contract of sale. Much as we may regret the necessity of reversing the judgment on this narrow ground, I think the objection that the proof did not support the declaration cannot be got over. The defendant will probably gain nothing in the end by the writ of error. The costs will be ordered to abide the event, and on another trial the plaintiffs may be able to help out their case by further evidence, or the court may allow such an amendment as will avoid the question of variance.

Judgment reserved.