### Stoddard *against* Mix.

Though the mere forbearance of a claim, which is not a legal one, before suit brought, is not, of itself, a sufficient consideration to support a promise; yet the compromise of a doubtful claim, or the relinquishment of a pending suit, is a sufficient consideration.

Therefore, where the declaration alleged, that *B* having drawn a bill of exchange on *C*, in favour of *A*, for 158 dollars, which was not paid by *C*, *A* instituted a suit against *B*, as drawer, to recover the amount of such bill; that during the pendency of this suit, after an ineffectual trial before a jury who were unable to agree on a verdict, *B*, in consideration that *A* would, at *B's* request, withdraw such suit, and discharge the claim, promised to give *A* his note for 100 dollars, payable in sixty days; and that *A* withdrew the suit and tendered *B* a discharge, accordingly; it was held, that a sufficient consideration for the promise of *B* to give such note, was shewn.

Where the witness called to prove such promise, testified, that the defendant said he would give his note for 100 dollars, payable in sixty days, and he be discharged; that the witness told him, he would consult with the plaintiff; that he did so, and the plaintiff agreed to the arrangement; and that he communicated this to the defendant, and he agreed to it; it was held, that such evidence was relevant and admissible.

Where parol evidence was offered to prove, that the plaintiff executed a discharge of the plaintiff from a certain claim, and tendered it to him in the court-room, by putting it on his lap, and he brushed it, or it fell, upon the floor, and was not afterwards seen; it was held, that such evidence was admissible, as the execution and delivery of the discharge could not be otherwise proved; and its contents might be thus shewn, because, under the circumstances, it might be considered as a lost paper.

Where the claim of the plaintiff in an action brought by *A* against *B*, was, that *A*, who was an attorney at law, having received from *S*, for collection, a note against *C*, payable to *G*, which *S* held as his property, by assignment from *G*, with notice to *C*, and having put such note in suit, and obtained judgment and execution, took a draft on *C*, and applied it, on his own responsibility, without authority from *S*, in satisfaction of the execution; and the claim of the defendant was, that the note had never been assigned to *S*, but was still the property of *G*, and that *C* had paid it to *G*; it was held, that *S* was a competent witness for the plaintiff, to prove the facts claimed by him, as the right of *S* to recover of the plaintiff did not depend upon the issue of this trial.

Where it appeared, in such action, that the draft on *C*, taken by the plaintiff, was payable to the plaintiff; that he was the holder of it, when it was returned unpaid; that the suit against the drawer was instituted and prosecuted, by the plaintiff, in his own name, and at his own expense; that the promise of the defendant, on which this action is founded, was made to the plaintiff alone, on a consideration moving from him alone; it was held, 1. that the legal interest was in the plaintiff, and he, if any one, was entitled to sue; 2. that the plaintiff was not precluded from a recovery, on the ground that his right of action originated in a violation of the statute against maintenance, as the draft on *C* was never *bought* by the plaintiff, nor taken by him, with intent to violate or evade the statute.

Where the promise of the defendant was to give the plaintiff a note for 100 dollars, payable in sixty days; and the defendant refused to give such note; it was held, 1. that this was a promise to give the note immediately, or within a reasonable time; and the defendant's refusal to do this, was a breach of that promise, upon which a right of action accrued immediately: 2. that in such action, though brought within sixty days after the promise, the plaintiff was entitled to recover, not merely nominal damages, but the damages actually sustained.

Where there were four counts in the declaration, and the verdict was for the plaintiff on all the counts, except the third, and on that for the defendant; and it did not appear from the record, or from any thing which took place at the trial, that the third count was intended to enforce the recovery of any other demand than that set forth in the other counts; it was held, that the defendant was not entitled to costs.

THIS was an action of *assumpsit*. There were four counts in the declaration. In the first, the plaintiff stated, that on the 21st of *December*, 1836, the defendant made his bill of exchange in writing, of that date, and directed it to *Charles Mix* of *New-York*, requesting him, in thirty days after the date thereof, to pay to the order of the plaintiff, the sum of 158 dollars, and 80 cents, for value received, and delivered said bill of exchange to the plaintiff: that such bill of exchange not having been paid, by said *Charles Mix*, the plaintiff brought his action against the defendant, on the 14th of *June*, 1837, returnable to the county court for *New-Haven* county, on the 4th *Tuesday* of *June*, 1837, in which action the plaintiff claim-

ed, that the defendant was liable to the plaintiff for the amount of said bill of exchange, and that he was entitled to recover of the defendant the amount thereof, as drawer : that said action was removed, by appeal, to the superior court for *New-Haven* county, holden on the 2d *Tuesday* of *October,* 1837 ; and by subsequent continuances, came to the term of that court holden on the 2d *Tuesday* of *October,* 1838 : that while said action was pending in that court, and after it had been assigned for trial, the defendant, in consideration that the plaintiff, at the special instance and request of the defendant, would withdraw said action, and suffer it to be called out of court, and would execute and deliver to the defendant, a discharge of all claim and demand, which the plaintiff had against him, as drawer of said bill of exchange, he, the defendant, undertook and faithfully promised the plaintiff to make and deliver to the plaintiff his, the defendant's, promissory note for 100 dollars, payable to the plaintiff, in 60 days, for value received : that the plaintiff, confiding in such promise and undertaking of the defendant, did then and there, during the session of the court, withdraw said action against the defendant, and suffered it to be called out of court : that the plaintiff, in further execution of his agreement, on the 11th of *October,* 1838, executed a discharge, under his hand and seal, in which he released and discharged the defendant from all claim and demand, which the plaintiff had against him, as drawer of said bill of exchange; which discharge the plaintiff immediately afterwards tendered and offered to deliver to the defendant, but which the defendant refused to accept : that after the plaintiff had thus kept and performed his part of said agreement, he requested and demanded of the defendant, that he should make and deliver to the plaintiff his, the defendant's, promissory note for 100 dollars, payable to the plaintiff in 60 days, for value received ; yet the defendant, not regarding his said promise and undertaking, but intending to defraud the plaintiff in this respect, would not make and deliver to the plaintiff such note, but absolutely refused so to do.

The allegations of the second count were substantially like those of the first, with some variation of expression.

The fourth count, in addition to the allegations of the two first counts, stated, more minutely, the allegations of the declaration in the suit brought by the present plaintiff, against

the present defendant, on the draft.   In one count of that declaration a regular presentment to *Charles Mix*, the payee, and demand of payment, non-payment by him and seasonable notice to the defendant, as drawer, were alleged.   In another count, the allegations were similar, except that, instead of alleging notice to the drawer, it was averred, that *Charles Mix*, at the time of presentment, had not in his hands any effects of the defendant, nor had he received from the defendant any consideration for the payment of the draft, and that the defendant had not sustained any damage, by reason of his not having had notice of non-payment.   The fourth count of the present declaration also stated, that at the term of the superior court in *New-Haven* county, in *January*, 1838, [the term next preceding that at which the suit was withdrawn,] the former action came on for trial to the jury, and they were not able to agree on a verdict, in consequence of which the papers were taken from them.

The cause was tried at *New-Haven, January* term, 1840, before *Church*, J.

On the trial, it was admitted, that an action had been commenced and prosecuted on a note given by *Charles Mix* of the city of *New-York*, to *Allen Gorham*, for the sum of       dollars, before the county court for *New-Haven* county ; that the body of said *Charles Mix* had been arrested in such suit, and the present defendant had become bail to the officer for his appearance ; that judgment had been duly recovered for the plaintiff in that action, and execution had issued thereon against said *Charles Mix ;* and that the present plaintiff, an attorney at law, appeared, and prosecuted such action to judgment and execution.

The plaintiff introduced evidence to prove, that at the request of the present defendant, and for his benefit and accommodation, he received from the defendant a draft, made by him upon *Charles Mix* for the sum of 158 dollars, 80 cents, as alleged in the declaration, and applied it in full satisfaction of the execution against *Charles Mix*.   The draft and the execution, with the amount of the draft endorsed thereon, were exhibited in evidence.

It was also admitted, on the trial, that the draft or bill in question was not paid by *Charles Mix*, and that the plaintiff, in his own name, prosecuted an action against the defendant,

as the drawer, to recover the amount thereof, as is alleged in the declaration ; that on the trial of the last-mentioned action, in the superior court, the defendant claimed and insisted, before the court and jury, that said draft or bill had not been duly presented to *Charles Mix*, and that for this and other reasons, the defendant was not liable ; that in such action, the jury did not agree upon any verdict, and the cause was thereupon continued to the next term of the court.

The plaintiff claimed, that while said action was pending in the superior court for a second trial, the defendant, for the consideration alleged in the first, second and fourth counts, made the several promises therein stated ; and to prove this, he introduced a witness, who testified as follows : "I was retained, by Mr. *Stoddard*, to assist him in the cause of *Allen Gorham* v. *Charles Mix*. After the draft was given, and a few days before it became due, *Stoddard* asked my advice regarding it. Afterwards, the draft came back from *New-York*, unpaid. *Stoddard*, I think, handed me the draft for collection, at the *March* term of the county court. I called on Mr. *Mix*, the defendant, and, I think, he said, he was willing to submit it to *R. I. Ingersoll*, Esq. I let it go by, on my own responsibility, to the next term, when I drew a writ upon it, and Mr. *Mix* accepted service. At the *June* term, the cause was appealed, by me, to the superior court, and I entered my bond on the appeal. The cause came to trial, at the *January* term of the superior court ; and the jury could not agree. The cause came to the *October* term, 1838, and was assigned for trial, on the 2d day of the term. On *Thursday*, before the sitting of the court, I called at Mr. *Mix's* office, and advised him to have that cause settled ; and he expressed his willingness, and said, he did not wish to have Mr. *Stoddard* suffer ; that it was, however, a hard case for himself, as *Charles Mix* was a bankrupt. He said, he would give a note for 100 dollars, payable in 60 days, if he could be discharged. I told him, I would consult Mr. *Stoddard*. I did so ; and *Stoddard* agreed to the arrangement. This I communicated to Mr. *Mix;* and he agreed to it, and said, 'come, draw the discharge now.' I replied, that as the thing was now understood, the writings could be made at any time. Shortly afterwards, Mr. *Mix*, in the court-house, asked me, if I had got the discharge. I told him, no; but as soon as Mr.

*Stoddard* came into court, I would get it.   He walked across

to the stove, and came back and said, ' *Charles Mix* was to be
included in the discharge.'  I replied, ' I did not so under-
stand it.'   *Stoddard* soon came in.   I drew a discharge of
Mr. *Silas Mix*, as he and I had agreed.   Mr. *Stoddard* sign-
ed and sealed it.   I handed it to Mr. *Mix*.   He then claimed
again, that *Charles Mix* was to be included ; and he returned
the discharge to me, and said, he would 'think of it.'   A few
days afterwards, and perhaps the day the cause came up, I said
to the clerk, ' I supposed it was settled;' and it was called out,
and no objection made.   Afterwards, I went to Mr. *Mix*, and
tendered the discharge.   He again said, ' *Charles Mix* was
to be included.'   I again said, ' I did not so understand it.'
I put the discharge on his lap, and it fell, or he brushed it, on
to the floor.   I do not know that I have ever seen it since ;
though not long after, I saw a paper on the clerk's table, the
exterior of which resembled the discharge.   When the dis-
charge was tendered to Mr. *Mix*, he said, he knew that
*Charles Mix's* name was not mentioned, but he meant it so,
or understood it so.   The date of the discharge was the 11th
of *October*, 1838."

On cross-examination, the witness testified : " I drew the
writ in this action for *R. S. Baldwin*, Esq. and at his request,
because I was better acquainted with the facts.   My charges
in the cause which was settled, were made to *Ralph B.
Steele*.   I was bondsman on the appeal of that cause; but I
have not the least interest in this suit.   The distinct proposi-
tion was, that Mr. *Silas Mix* was to be discharged ; and
nothing was said, as I recollect, about discharging *Charles
Mix*.   My understanding was, that the cause was to be called
out, the discharge given, and then the note given.   Mr. *Mix*
was present, when the cause was called out ; and it was so
called out, that every body might hear it."

The defendant objected to the evidence regarding the dis-
charge, because it was not produced in court, by the plaintiff ;
and to the entire evidence of this witness, first, because it did
not conduce to prove the contract declared upon ; secondly,
because it only proved a proposition for a contract ; and third-
ly, because it showed the witness interested in the event.
The court over-ruled the objections, and admitted the evi-
dence.

*New-Haven,*
*July, 1840.*

Stoddard
*v.*
Mix.

The defendant introduced evidence to prove, and claimed he had proved, that the note in favour of *Allen Gorham* against *Charles Mix*, was, when it was sued, and ever since has been, the sole property of *Gorham;* and that the plaintiff acted only as his collecting attorney, in prosecuting the suit, in receiving the draft, and in prosecuting the action against the defendant on such draft, and in making the pretended contract or arrangement regarding it ; and that the plaintiff had no interest in this suit, and ought not to prosecute it. The defendant also claimed, that the whole demand and cause of action in this suit had, since the commencement thereof, been paid and satisfied in full, by *Charles Mix*, to *Gorham.* In support of this claim, he exhibited in evidence a receipt or discharge in writing, signed by *Gorham.*

The plaintiff, on the other hand, claimed, that said note, when it was received and prosecuted, was the sole property of *Ralph B. Steele*, as assignee thereof, and that the plaintiff, in prosecuting it, acted only as his attorney ; that the plaintiff received the draft from the defendant, at his request and for his accommodation, and applied it in payment and satisfaction of the execution in favour of *Gorham* against *Charles Mix*, upon his, the plaintiff's, own responsibility, and without the authority of *Steele;* and that he had become liable to *Steele* for the amount of the execution, and had a right, for his own indemnity, to prosecute the action upon the draft against the defendant ; also, that the defendant, as the attorney of *Charles Mix*, had been duly notified of the assignment of the note to *Steele*, and that *Gorham* had no right to receive payment of the note or execution, and had no right to discharge *Charles Mix* from the payment thereof. In support of this claim the plaintiff introduced *Steele*, as a witness, who testified, that he purchased the note against *Charles Mix*, and that it was his property, as assignee ; that he put it into the hands of the plaintiff, as his attorney, for collection, requesting him not to disclose his name as the owner ; that he afterwards, and before the action on the draft was prosecuted, gave notice to this defendant, that said note had been assigned to him and was his property ; that he never authorized the plaintiff to receive and apply the draft on said execution ; and that he has ever held, and now holds, the plaintiff responsible to him for the amount of the execution. The defendant thereupon objected

to the testimony of *Steele*, on the ground that he was interested in the event of this suit.    The court over-ruled the objection, and admitted the testimony.

The defendant also claimed, that the promise alleged in the declaration was not proved, by the evidence in the cause ; and that nothing more was proved than a proposition made by him, which had never been accepted ; and claimed, that the court should instruct the jury, that if they so believed, the plaintiff could not recover.    The court instructed the jury accordingly.

The defendant also claimed, that if any contract was proved, a part of the consideration of it was, that *Charles Mix*, as well as the defendant, was to be discharged by the plaintiff; and prayed the court to instruct the jury, that if this was proved, the plaintiff could not recover.    The court did so instruct the jury.

The defendant also claimed, that from the evidence it appeared, that the plaintiff had waived a performance of the contract, by the defendant ; and requested the court to instruct the jury, that if this was proved, the plaintiff could not recover.    The court did so instruct the jury.

The defendant also claimed, and requested the court to charge the jury, that if this action was commenced before the expiration of sixty days from the time when said note for 100 dollars was to have been given, the plaintiff could not recover. The court did not so instruct the jury.

It was admitted, that the defendant had never given a note for the sum of 100 dollars, nor for any other sum, to the plaintiff.

The court instructed the jury, that it was incumbent on the plaintiff to prove the consideration, as well as the promise, substantially as alleged in the declaration, or he could not recover : that if the plaintiff had no interest in this cause of action, but had acted only as the attorney of *Gorham*, as claimed by the defendant, he could not recover ; but if *Gorham* had assigned the note to *Steele*, as the plaintiff claimed, and if the plaintiff had received the draft of the defendant, and had applied it in payment upon his own responsibility, the discharge executed by *Gorham* would be of no avail to the defendant in this suit, and could not operate to defeat the plaintiff's right of recovery.

The plaintiff offered no evidence upon the third count in the declaration.

The jury returned a verdict for the plaintiff, upon the 1st, 2d, and 4th counts in the declaration, and for the defendant, on the 3d count.

The defendant thereupon moved for costs to be allowed and taxed in his favour. He also moved in arrest of judgment for the insufficiency of the declaration, and for a new trial, for error in the decision of the several points which were ruled against him. These motions were reserved for the consideration and advice of this court.

*Mix,* in support of the motions, contended, 1. That the declaration was insufficient. The first, second and fourth counts state no consideration. They show no benefit to the promiser, or loss to the promisee ; no forbearance of any *legal* liability, or doubtful right, but a giving up of a *vexatious suit.* The contract of a drawer of a bill of exchange, is a *conditional* one, like that of an endorser ; but the declaration in this case does not allege that the condition was ever fulfilled. It shews no demand made on the drawee, or notice given to the drawer ; consequently, there was no *debt* of the drawer, for the forbearance or relinquishment of which, the alleged promise was made. 2 *Chitt. Plead.* 251. *in notis. Chitt. Cont.* 9. 21 *Amer. Jurist* 271. & seq. (*a*) *Longridge* v. *Dorville,* 5 *Barn. & Ald.* 117. *Jones* v. *Ashburnham* & ux. 4 *East* 455. 464. *Union Bank of Georgetown* v. *Geary,* 5 *Peters* 9?. 114.

2. That there was another defect apparent on the record, in this, *viz.* that the suit was brought before the existence of any cause of action ; and not for any special damages, but for damages that could not have accrued until after the sitting of the court to which the writ was returnable ; and the jury have given entire damages. 1 *Chitt. Plead.* 232. 297.

3. That the declaration alleges no notice to the defendant of the cause of action. In special *assumpsit,* it is often necessary to aver, that the defendant had notice of the fact or facts relied on as the ground of recovery ; especially, where the matter is considered as lying more properly in the knowledge

(*a*) The authority here referred to, is an able " Essay on the Law of Contracts," by *Theron Metcalf,* Esq. *R.*

of the plaintiff than of the defendant.   1 *Chitt. Plead.* 286.
1 *Sw. Dig.* 697.

4. That the court should have excluded the principal witness.   In the first place, his evidence showed no contract, or such an one as either party might rescind, both parties being *in statu quo. Hunt* v. *Silk,* 5 *East* 449.   *Chitt. Cont.* 188. 275, 6.   Secondly, this witness was interested in the event of the suit.   He had a lien for his fees on the amount to be recovered ; which he had not released.   Thirdly, the discharge mentioned by this witness, could not be proved by parol evidence.   It should have been produced.   It was not lost.

5. That the court should have instructed the jury, that the plaintiff, by his own shewing, was not entitled to sue.   In the first place, he had no legal interest.   He acted merely as collecting attorney ; and could not take the draft in his own name.   If he had a lien, it was not necessary for him to sue in his own name to make *that* effectual.   Secondly, the bringing of this suit is in violation of the policy of the statute against maintenance.   *Stat.* 312, 3. *tit.* 60.   All contracts growing out of the violation of a penal law, or against its policy, even if not prohibited, are void.   *Hunt* & al. v. *Knickerbacker,* 5 *Johns. Rep.* 327.   *Best* v. *Strong,* 2 *Wend.* 319.   *Mitchell* v. *Smith,* 1 *Binn.* 110. 118.

6. That the testimony of *Steele* should have been excluded; first, because it was irrelevant ; secondly, because he was interested.

7. That the court erred in its charge as to *Gorham's* assignment.

8. That the court erred in its charge as to damages.

9. That the defendant is entitled to costs on the third count. *Litchfield* v. *Farmington,* 7 *Conn, Rep.* 399.   *Nichols* v. *Hayes,* 13 *Conn. Rep.* 156.

*Baldwin,* contra, was stopped by the court.

CHURCH, J.   In this case, the jury returned a verdict in favour of the plaintiff on the first, second and fourth counts of the declaration, and in favour of the defendant, on the third. And now the defendant moves in arrest of judgment, for the insufficiency of the counts upon which the verdict against him was rendered.   Because,

It is not alleged in either count, that this defendant was legally liable to the plaintiff upon the demand sought to be enforced against him, in the action which was withdrawn; and therefore, that no sufficient consideration for the defendant's promise is shewn.

The mere forbearance of a claim or demand before suit brought, which is not in fact a legal demand, is not, of itself, a sufficient consideration to support a promise. But either the compromise of a doubtful claim, or the relinquishment of a pending suit, is a good consideration for a promise. *Bidwell* v. *Catton, Hob.* 216. *Longridge* & al. v. *Dorville* & al. 5 *Barn. & Ald.* 117. *Thornton* v. *Fairlie,* 8 *Taun.* 354. *Union Bank of Georgetown* v. *Geary,* 5 *Peters* 99. *Pow. on Con.* 346. 354. *Chitty on Con.* 9. 1 *Sw. Dig.* 190. The declaration, in this case, sets forth, as the consideration of the promise, a cause of action growing out of the non-payment of a draft or bill of exchange, drawn by the present defendant in favour of this plaintiff, for the sum of one hundred and fifty-eight dollars, and eighty cents, the prosecution of an action upon that claim, the disagreement of the jury in regard to its validity, and a withdrawal of that action, by the plaintiff, at the defendant's request. In addition to this, a part of the consideration of the defendant's promise, is alleged to be, a promise and undertaking of the plaintiff to execute and deliver to the defendant a discharge from all claims upon said bill of exchange. We cannot hesitate at all, in declaring that the consideration of the promise is well alleged in the declaration. The facts constituting the consideraton, are sufficient.

The defendant also moves for a new trial for several causes.

1. That parol evidence regarding the discharge was admitted. The execution and delivery of the discharge could only be proved by parol; and this was all that the plaintiff claimed; but if he had claimed to prove its contents by parol, under the circumstances stated in the motion, there can be no doubt of its propriety. The defendant made no claim that the discharge was in his hands, and that he should have had notice to produce it: there was no proof nor legal presumption that it had ever been in the plaintiff's possession, or in any other specified place, where, by search, it could have been found, after it had been delivered to the defendant, and

by him thrown away. It could only be considered, under
these circumstances, as a lost paper.

2. That the testimony of the principal witness for the plaintiff did not conduce to prove the contract declared upon; and should, for this cause, have been rejected. A statement of the testimony of the witness upon this point, will sufficiently answer this objection. "He (the defendant) said he would give his note for one hundred dollars, payable in sixty days, and he be discharged. I (the witness) told him, I would consult Mr. *Stoddard.* I did so; and *Stoddard* agreed to the arrangement; and this I communicated to Mr. *Mix,* and he agreed to it."

The objection to this witness as interested in the event of this cause, has no better foundation.

3. The defendant also objected to the testimony of *R. B. Steele,* on the ground that it disclosed a disqualifying interest in him. We cannot discover it. On the contrary, if the witness swore truly, he could have had none. His right to recover of this plaintiff did not depend upon the issue of this trial.

4. The defendant insists, that the motion discloses facts, from which it appears the plaintiff has no legal interest in this cause of action. We do not so construe the motion. The bill of exchange drawn by the defendant upon *Charles Mix,* was payable to the plaintiff; and he was the holder of it, when it was returned unpaid. The plaintiff did not receive it for *Steele's* benefit, but upon his own responsibility. The suit which was withdrawn, was instituted and prosecuted, by this plaintiff, at his own expense, in his own name; and the promise of the defendant was made to the plaintiff. Here we have, then, the entire consideration of the promise moving from the plaintiff alone, and the promise made to him alone. It is difficult to discover, if any legal interest existed in any body, that it could exist any where but in the plaintiff. It was very earnestly claimed, at the trial, to be sure, that the facts appearing upon the motion showed that the plaintiff's pretended right of action originated in a violation of the " Act to prevent unlawful maintenance." There is nothing to justify this charge. The facts upon which it is predicated, are, that the plaintiff was the attorney of *Ralph B. Steele* in the collection of a note against *Charles Mix* of the city of *New-York*; that *Mix* was sued, and his body arrested, and special bail

Stoddard
*v.*
Mix.

given for him, by this defendant ; that judgment was rendered and execution issued against *Charles Mix*, who was not surrendered ; and the defendant thereby became charged as special bail.    Under this state of things, the plaintiff, without the knowledge or direction of his client, and for the accommodation of the defendant alone, and at his request, received the bill of exchange in question, and indorsed and applied the amount upon the execution against *Charles Mix*.    This bill of exchange was returned unpaid ; and from these circumstances this cause of action has grown.    The bill of exchange was neither sold, nor purchased ; and if it had been, it would not have furnished any evidence of an intent to violate the aforesaid statute.    A more innocent professional transaction than this, cannot well be conceived.

5. The defendant claimed also, that this action was prematurely commenced.    The promise of the defendant upon which this action is brought, was, to execute his note to the plaintiff for one hundred dollars, payable in sixty days. Upon the defendant's refusal to execute his note at all, this action was immediately commenced, and before the expiration of sixty days.    The promise was, to execute a note of a certain tenor immediately, or within a reasonable time.    The defendant's refusal to do this, was a breach of that promise, upon which a right of action immediately accrued.    It is unlike the case of the sale of goods, &c. to be paid for, by note at a future day, in which it has been holden, that an action will not lie for the price of the goods until the time of credit has expired—an opinion very cautiously expressed at first. *Cothay* v. *Murray*, 1 *Campb.* 335.    *Dutton* v. *Solomonson*, 3 *Bos. & Pul.* 582.    *Brooke* v. *White*, 1 *New Rep.* 330.    *Mussen* v. *Price*, 4 *East* 147.    *Hoskins* & al. v. *Duperoy*, 9 *East* 498.    *Kelly* v. *Foster*, 2 *Binn.* 4.    *Hanna* v. *Mills*, 21 *Wend.* 90.    *Yale* v. *Coddington*, 21 *Wend.* 175.

6. Finally, the defendant insisted, that if this action could be sustained upon the express promise, before the expiration of the sixty days, which the note was to run ; yet that nominal damages only could be recovered.    And here again, we think the defendant mistaken.    The plaintiff can have no other action than upon this special contract ; and it is very obvious, that in some form of action, and at some time, he is entitled to recover the actual damage sustained, one hundred

dollars, which the defendant promised to pay. The special <span>*New-Haven,*<br>July, 1840.</span> promise of the defendant to give his note, was as effectually broken, when this action was commenced, as it was after the expiration of sixty days. And if the plaintiff recovers nominal damages now, we do not see but he will be debarred from a recovery of his actual damages hereafter; because if he sues again, he can only sue for the same breach of promise, in the same form of action, and in the same manner of declaring, as he is now doing. The second action would be for the same cause of action as the first, and must so appear to be from the record itself. *Hanna* v. *Mills* & al. 21 *Wend.* 90. *Philips* v. *Berick*, 16 *Johns. Rep.* 136.

We think the motion in arrest of judgment should be over-ruled, and the motion for a new trial denied.

The defendant claimed to recover his costs of the plaintiff, accruing upon the third count in the declaration; the verdict upon that count having been in his favour.

Although different counts in a declaration are, in form, for distinct causes of action; yet in practice, it is well understood, that they are commonly for the same cause, and introduced generally to accommodate the declaration to the proof. It is not unfrequent, however, that distinct causes of action are intentionally included in the same declaration, by the aid of distinct counts. And when this is the case, and the court so understand it, as a matter of fact, if the defendant prevails upon any such count, he will be entitled to the costs which have accrued to him in defending against the distinct claim set up in that count. Such we understand to be the principle established in the case of *Litchfield* v. *Farmington,* 7 *Con. Rep.* 399; and such, we suppose, has been the general practice of the courts. In the present case, nothing appeared at the trial, nor does any thing appear upon this record, to show us, that the third count in this declaration was intended to enforce the recovery of any other demand than the one specially set forth in the other counts; and therefore, we think no costs should be taxed for the defendant, under that count.

In this opinion the other Judges concurred.

Motion in arrest overruled;<br>New trial not to be granted;<br>Defendant not to be allowed costs.