Mr. Justice DAVIS,
after stating the case, delivered the opinion of the court:
The court did not pass on the validity of the award as it should have done; but directed the jury to find against the plaintiff, on the ground that the action was premature, neither of the sums awarded to be paid being due when suit was brought.
It is clear that Bayne instituted his action because Morris would not give the security he was required to by the award. And on principle and authority, he had a right to sue when Morris refused to. perform any material part of the award. The parties to the submission chose to say to the arbitrators, “ If you order anything to be paid, by one to the other, you must settle how the payment is to be secured.” The arbitrators did decide on the very point submitted to them, and direct the kind of security to be given, and on Morris’s failure to give the bond as required he was in default, and a cause of aetion accrued. He had no right to say to Bayne, “"Wait until the instalments are due, and then I will elect whether or not to keep the award.” The provision for security was equally valid as the order for the payment of money; and it may be nearly as important. The right of action was as perfect, on Morris’s refusal to give the penal bond, as it would have been after the credit allowed by the award had expired.
Where goods are sold on credit, and the purchaser agrees to give his note for them, and refuses to do so, it has been held that an action will lie before the credit expires, and that *99 tbe measure of damages is' tbe price of tbe goods.* Tbe court below, therefore, erred in charging tbe jury that tbe right to sue was in abeyance until tbe time limited by the award for tbe payment of tbe money bad expired.
Inasmuch as this case is to be remanded, it is proper to say, that in tbe opinion of tbe court, tbe award of tbe 26th of January is inoperative and void. Arbitrators exhaust their power when they make a final determination on tbe matters submitted to them. They have no power after having made an award to alter it; tbe authority conferred on them is then at an end.†
Bayne can, if so advised, amend bis pleadings and test tbe correctness of tbe first award; which not being properly in tbe case has not been considered by tbe court, and no opinion is therefore given on tbe question of its validity.
Judgment reversed and venire awarded.

 2 Parsons on Contracts, 485-6; Cort et al. v. The Ambergate Railway Company, 6 English Law and Equity Reports, 237; Hanna v. Mills, 21 Wendell, 90; Rinehart v. Olwine, 5 Watts & Sergeant, 157; Mussen v. Price, 4 East, 147; Dutton v. Solomonson, 3 Bosanquet & Puller, 582.

 Russell on Arbitration, 135.