Minshall C. J.
The suit below was for the breach of a contract that had been entered into between the parties, whereby the plaintiff had sold and delivered to the defendant his half interest in a certain steam saw-mill, engine and boiler, and some other personal property, for the price of $800, which the defendant had agreed to pay by executing his note for that sum payable one year after date, with inter *553 est at the rate of '6 per cent. The breach consisted in the refusal of the defendant after the sale and delivery of the property to make and deliver the note. A demurrer to the petition was overruled, and the action of the court in this regard is assigned for error.
The petition is as follows:
“ The plaintiff says: That on or about the 15th day of September, A. d. 1886, the plaintiff, David W. Repp, sold and delivered to the defendant, Charles Stephenson, the following personal property, to wit:
“ A one-half interest in a certain steam saw-mill, engine and boiler, then situated on the farm of the said Charles Stephenson, also, a one-half interest in a lot of old iron, Avhich the plaintiff then had, and the said defendant agreed to pay therefor the sum of eight hundred dollars by then executing and delivering to plaintiff his promissory note for eight hundred dollars, to be due in one year from the said 15th day of September, 1886, and to bear interest at the rate of 6 per cent, per annum, which said note the said defendant refuses to execute and deliver to plaintiff, although often requested so to do. Plaintiff says that by reason of the premises, there is now due and payable from the defendant to plaintiff the sum of eight hundred dollars, with interest from the 15th day of September, A. D. 1886, and for which plaintiff asks judgment.”
After the demurrer was overruled, a trial was had upon the issues joined by a general denial, which resulted in a verdict and judgment for the plaintiff for the sum of $820. The ruling upon the demurrer presents the only question for review upon the record.
The plaintiff in error claims that the petition below does not state facts sufficient to constitute a cause of action, for the reason that the time of the credit on which the goods had been sold and delivered, had not expired at the bringing of the action, and that he was not, therefore, so indebted to the plaintiff as that an action could be maintained for the price of the property sold and delivered. It will be conceded that under the common law system of procedure a general assump *554 sit for goods sold and delivered could not have been maintained upon the facts stated in the petition — the time of the credit not having expired, there would have been no ground for averring an implied assumpsit. But this is not material under our system, where no particular form of action is recognized, and the plaintiff is entitled to recover, if it appears from the facts stated in his petition, that he is entitled to any relief.
And it seems well settled, that, upon the facts stated in the petition, the plaintiff might have maintained an action on the case in special assumpsit for the damages resulting from the breach of the defendant’s promise to make and deliver the the note. 3 Parsons on Contracts (7th ed.), *211. “ Not only,” as said by this author, “because it is a separate promise; but because by the practice of merchants, this note or bill might be made, by the vendors getting it disco unted, the means of present payment.” And, in such cases, the measure of damages has always been, the price of the goods. No other rule can be adopted, as the law, to discourage multiplicity of •suits, recognizes but one suit for the breach of an entire contract. James v. Allen County, 44 Ohio St. 226.
The law applicable to the case is well stated by Brown, J., in Hanna v. Mills, 21 Wend. 90 : “ When goods are sold to be paid for by a note or bill payable at a future day, and the note or bill is not given, the vendor cannot maintain assumpsit on the general count for goods sold and delivered, until the credit has expired; but he can sue immediately fora breach of the special agreement. 4 East, 147 ; 3 Bos. & Pul., 582; 9 East, 498; 8 Camp, 329. In such an action he will be entitled to recover as damages the whole value of the goods, unless, perhaps, there should be a rebate of interest during the stipulated credit. The cases referred to by the counsel for the plaintiff in error give no countenance to the argument in favor of a different rule of damages. The right of action is as perfect on a neglect or refusal to give the note or bill, as it can be after the credit has expired. The only difference between suing at one time or the other, relates to the form of the remedy ; in the one case the plaintiff must de *555 clare specially, in the other he may declare generally. The remedy itself is the same in both cases. The damages are the price of the goods. The party cannot have two actions for one breach of a single contract; and the contract is no more broken after the credit expires, than it was the moment the note or bill was wrongfully withheld.”
Here no “rebate ” for interest is required, as, by the agreement, the price, $800, was to bear interest for the period of the credit; so that the plaintiff was entitled to the present worth of the interest that had accrued to the time of the recovery.
We see no error in the judgment, and it is therefore affirmed.