JOHN KMETZ, as General Guardian of JOSEPH KMETZ, an Infant, Appellant, *v.* HENRY DERONDE et al., Respondents.

Specific performance — contract — real property — undertaking — judgment directing specific performance of contract to purchase real property establishes title — objections to title may not be raised in action to recover on undertaking given as security pending appeal — provision that either party may apply for other relief does not neutralize adjudication of issues — damages — when amount stated in undertaking not liquidated damages.

1. A judgment directing specific performance of a contract to purchase real property establishes the validity of the title, and an undertaking, given as security for the faithful performance of the judgment for the purpose of obtaining a stay pending appeal, is broken when, upon the affirmance of the judgment, payment is refused. The buyer having been sued for specific performance of his promise to pay the price, if there was any reason for non-performance, his time for showing it was then. He could not stand by in silence when the seller tendered the issue of ability to convey and reserve objections

to the title until such time as there should be an attempt to compel obedience to the decree.

2. The only effect of a direction in the judgment that the seller " shall deliver the deed executed, by Elsie P. Westcott and husband dated May 4, 1916, to George H. DeRonde conveying the fee to said premises to said George H. DeRonde with full covenants free from all incumbrances except such as are therein mentioned," was to identify the deed of conveyance and define the form of the exceptions. It did not leave the question open whether the deed when delivered would convey and assure a title in accordance with the contract. Nor are the defendants helped by a provision in the judgment that either party may apply at the foot thereof for other or different relief. That reservation did not neutralize the adjudication of the issues.

3. Where the undertaking provides that if the judgment is affirmed or the appeal dismissed " the appellant will pay the sum recovered ·or directed to be paid by the judgment, or the part thereof as to which it is affirmed, and specifically perform the contract as directed by the court, and that the said appellant will pay all costs and damages awarded against him on the appeal, not exceeding nine thousand dollars," it is erroneous to view the reference to the sum mentioned as a liquidation of damages. The sureties are bound to put the plaintiff in as good a position as he would have occupied if title had been closed, but their obligation goes no farther.

4. The sureties, under this rule, must pay not only the amount of cash which was to be paid by their principal, but also the amount of the mortgages which he was to assume, said mortgages being owned by the vendor, the plaintiff in the suit.

*Kmetz* v. *DeRonde*, 191 App. Div. 142, reversed.

(Argued April 26, 1921; decided May 31, 1921.)

APPEAL from a judgment entered March 25, 1920, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and directing a dismissal of the complaint.

*John Vernou Bouvier, Jr.*, and *Rufus M. Overlander,* for appellant. After the sureties have received the benefit for which their bond or undertaking was given, they are estopped from questioning its recitals or from setting up defenses to the judgment to defeat their

liability. (*Am. Exch. Bank* v. *Goubert,* 135 App. Div. 371; *Wing* v. *Rogers,* 138 N. Y. 361; *Kelly* v. *McCormick,* 28 N. Y. 318; *Dodge* v. *St. John,* 96 N. Y. 260; *Harrison* v. *Wilkin,* 69 N. Y. 412; *Dye* v. *Dye,* 12 Colo. 206; *Harding* v. *Kuessner,* 172 Ill. 125; *Sache* v. *Am. Surety Co.,* 72 App. Div. 60; 177 N. Y. 551; *Mexico* v. *Ochershauser,* 37 Hun, 533; *People* v. *Wilson,* 169 Ill. App. 452.) The defendants cannot set up defenses against the judgment which are lost to their principal. The judgment of November 19, 1917, estops them from denying good title now. (*Kmetz* v. *DeRonde,* 186 App. Div. 909; *Granger* v. *Parker,* 142 Mass. 186; *McVey* v. *Peddie,* 69 Neb. 525; *Schwamann* v. *Truax,* 179 N. Y. 35, 44; *Kelly* v. *McCormick,* 28 N. Y. 318; *Brownell* v. *Snyder,* 122 App. Div. 246; *Elliott* v. *Brady,* 192 N. Y. 221; *Seymour* v. *Smith,* 114 N. Y. 481; *Keithsburg R. R. Co.* v. *Henry,* 90 Ill. 255; *Rosenberg* v. *Stover,* 67 N. J. L. 506.)

*Howard R. Bayne* for respondents. The real nature of the undertaking, so far as the figures $9,000 are concerned, was an agreement that George H. DeRonde would pay all costs and damages awarded against him on the appeal, not exceeding $9,000. (*Bennett* v. *Am. Surety Co.,* 73 App. Div. 468; *Erdle* v. *Bassett,* 94 Misc. Rep. 666; *Post* v. *Doremus,* 60 N. Y. 371; *Burdett* v. *Lowe,* 85 N. Y. 241; *J. H. Mut. Life Ins. Co.* v. *Lowenberg,* 120 N. Y. 44; *Nat. M. B. Assn.* v. *Conkling,* 90 N. Y. 116; *McCluskey* v. *Cromwell,* 11 N. Y. 593; *Ward* v. *Stahl,* 81 N. Y. 406.) The trial court erred in holding that the undertaking was a bond in the penal sum of $9,000 and upon breach of condition, plaintiff was entitled to recover such penalty in full, without any proof of damages whatever. (*Beil* v. *Supreme Council,* 42 App. Div. 168; *Kuntz* v. *Schnugg,* 99 App. Div. 191.) If by any possible interpretation the expression " damages on the appeal " could be construed " as damages in case of

17

any breach of the undertaking, though not awarded on appeal," nevertheless in that view damages must be ascertained to compensate the particular breach according to the usual rules of law. (*Kuntz* v. *Schnugg*, 99 App. Div. 191; *Bensinger* v. *Erhardt*, 74 App. Div. 169.) Defendants complied with their undertaking or tendered compliance therewith. But plaintiff did not accept such compliance and tender on the part of defendants because plaintiff could not deliver the deed conveying the title directed by the judgment. (*Kuntz* v. *Schnugg*, 99 App. Div. 191; *Eddy* v. *Davis*, 116 N. Y. 247.)

CARDOZO, J. The defendants are sued as sureties on an undertaking on appeal.

Kmetz and DeRonde agreed respectively to sell and to buy fourteen lots in the town of Harrison, Westchester county. The price, $6,950, was to be paid: $200 on the execution of the contract, $150 on the delivery of the deed, and $6,600 by the assumption of mortgages described as liens for that amount. The seller was to " cause to be executed " a deed with full covenants " free from all incumbrance except as aforesaid." The record title at that time was in Elsie P. Westcott and husband. Kmetz, the seller, was the holder of the mortgages. In fulfillment of his contract, he procured the Westcotts' deed, and stood ready to make tender. Urging no objection to title or conveyance, the buyer made default.

An action for specific performance followed. It was brought by Kmetz as plaintiff, described, however, as general guardian. The complaint alleged a readiness and ability to perform. The answer was a denial, with which was coupled as a so-called defense the statement that the contract had been made, not with Kmetz, the guardian, but with Kmetz, the individual. These pleadings permitted the buyer, if the title was defective, to establish the defects. The court decided, after a trial, that the seller was able to perform; that the deed, which

had been executed by the Westcotts (dated May 4, 1916) would convey a good and sufficient title; and that the buyer must accept it. On that decision, judgment was entered November 19, 1917. The buyer was to complete the payments and assume the mortgages. The seller was to " deliver to said defendant or his said attorney the deed executed by Elsie P. Westcott and her husband dated May 4, 1916, to George H. DeRonde, conveying the fee to said premises to said George H. DeRonde with full covenants free of all incumbrances except as therein mentioned." The judgment ended with the statement that " either party to this action may apply to this court at any time hereafter for such other, further or different relief as is just and equitable in the premises."

The buyer, appealing from that judgment to the Appellate Division, applied for a stay, which was granted upon condition that he give security in the sum of $9,000 for the faithful performance of the judgment in the event of its affirmance. In fulfillment of that requirement, the defendants, as sureties, gave the undertaking in suit. It provides that if the judgment is affirmed or the appeal dismissed, " the appellant will pay the sum recovered or directed to be paid by the judgment, or the part thereof as to which it is affirmed, and specifically perform the contract as directed by the court, and that the said appellant will pay all costs and damages awarded against him on the appeal, not exceeding nine thousand dollars." The judgment thus secured was affirmed by the Appellate Division in June, 1918. A motion was then made by the buyer that the action be reopened, the answer amended, and the action tried anew. He wished another opportunity to prove defects of title. The Special Term granted his motion, but on appeal to the Appellate Division, the order was reversed. Denial of that motion left the judgment in full force.

The seller then renewed the tender of the deed. The

buyer again refused the payment of the price. The deed described the land as subject to mortgages amounting in the aggregate to $6,600. The buyer made belated objection that the mortgages, on the face of the records, were $9,325, and that there were restrictive covenants and easements. Upon this renewal of default, the plaintiff demanded payment of the defendants, the sureties on the undertaking. The latter tendered the costs, and disclaimed liability for more. This action was then brought. The trial court declined to litigate anew the validity of the title, construed the undertaking as liquidating the damages at $9,000 in the event of the buyer's default, and gave judgment accordingly. The Appellate Division reversed, sustained the objections to the title, and dismissed the complaint.

We think the validity of the title is established by the former judgment, and that the defendants' undertaking was broken when, upon the affirmance of that judgment, performance was refused. The buyer had been sued for specific performance of his promise to pay the price. If there was any reason for non-performance, his time for showing it was then (*Reich* v. *Cochran*, 151 N. Y. 122). He could not stand by in silence when the seller tendered the issue of ability to convey, and reserve objections to the title until such time as there should be an attempt to compel obedience to the decree. Some of the objections, if not all, might have been explained away or otherwise avoided if seasonably made. Mortgages, though of record as liens for larger debts, might have been shown to be reduced by part payments to the sum stated in the deed. Kmetz, who was at once the holder of the mortgages and the seller of the land, might have been held estopped by his covenants and the acceptance of the purchase money from the enforcement of liens beyond the limit of his contract. We do not go into those questions now. We are not even at liberty to consider whether liens or other incumbrances exist. To enter

upon such an inquiry would be the reopening of issues that have been definitively closed.

The defendants argue that the judgment has been so drawn as in truth to settle nothing, leaving undetermined the duty which it professes to adjudge. This result is said to follow from the direction that the seller, simultaneously with the receipt of payment, shall " deliver the deed executed, by Elsie P. Westcott and husband dated May 4; 1916, to George H. DeRonde conveying the fee to said premises to said George H. DeRonde with full covenants free from all incumbrances except such as are therein mentioned." The only effect of that provision was to identify the deed of conveyance, and define the form of the exceptions. It did not leave the question open whether the deed when delivered would convey and assure a title in accordance with the contract. That was the very question which the court had settled by its decision. The findings are explicit in their statement that the seller was ready and able to perform; that the buyer was in default; and that delivery of the Westcott deed, dated May 4, 1916, would convey " a good and sufficient title " to the premises in suit. Conclusions of law follow in the language of the judgment. The defendants would have us say that what was done, was at once undone; that what was declared, was at once recanted; and that a judgment which with much show of solemnity composed a controversy and adjudged a duty, in the end left the controversy open and the duty undetermined. We find no sufficient tokens of a purpose so inconstant. The defendants are not helped by the provision that either party may apply at the foot of the judgment for other or different relief. That reservation did not neutralize the adjudication of the issues (*Stovall* v. *Banks,* 10 Wall. 583, 587). The judgment, whether subject to change or not, is in fact unchanged and unopened. The buyer's duty was obedience, and the defendants as his sureties must respond for his default.

There remains the question of the damages. The trial court held in effect that the undertaking prescribed not only a maximum, but a minimum. The reference to $9,000 was viewed as a liquidation of the damages by agreement of the parties. We do not so construe it. It is a statement of a maximum. Damages are to be recovered within that limit as damages are proved. The sureties undertook that the principal would pay the sums of money stated in the judgment ($715.14). They must answer for that default. They undertook that he would " specifically perform the contract as directed by the court." This meant that to the extent of $6,600 he would assume the payment of mortgages then held by Kmetz, the seller. The measure of damage upon breach of a contract to assume a debt is *prima facie* the amount of the debt to be assumed (*Hanna* v. *Mills*, 21 Wend. 90; *Pratt* v. *Hudson River R. R. Co.*, 21 N. Y. 305; *Deering* v. *Johnson*, 86 Minn. 172; *Belloni* v. *Freeman*, 63 N. Y. 383, 390; 3 Williston Contracts, sec. 1411, p. 2504; 3 Sedgwick Damages, secs. 622c, 789). Finally, the sureties undertook that the principal would pay all costs and damages awarded against him on the appeal. This imposes liability for the costs in the Appellate Division. We exclude from our enumeration the taxes of 1916 and 1917. The seller will be sufficiently protected if his conveyance to the buyer is subject to their lien. Payment of the taxes, unlike payment of the mortgages, will not be money in his pocket. The sureties are bound to put the plaintiff in as good a position as he would have occupied if title had been closed, but their obligation goes no farther.

We do not overlook the defendants' argument that the concluding words of the undertaking, " not exceeding $9,000," were intended as a limitation upon liability for the costs and damages on appeal, and do not relate back to qualify liability in respect of other items. We read the contract otherwise. If, however, the defendant's

reading were adopted, the plaintiff's case would· be the stronger. The undertaking would then stand as an assumption of liability for all damages, without arbitrary limit.

The judgment of the Appellate Division and that of the Trial Term should be reversed, and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., CHASE, HOGAN, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgments reversed, etc.