Pearson, J.
 

 This was Assumpsit, for bacon sold and delivered. The contract had been reduced to writing; the plaintiff alleged that the paper was lost; and, to prove its loss, for the purpose of letting in parol evidence of its contents, offered his own affidavit. This was objected to, but was received. A witness then stated that the contract was for the purchase of a quantity of bacon, sold and delivered by the intestate of the plaintiff to the defendant, in the Spring of 1835, or 1836, — he was not certain which,— but
 
 his impression
 
 was, that it was in the Spring of 1836 ; and his impression, also, was, that it was upon a credit of twelve months, but of this he was not certain. He also stated, that the bacon was delivered at the house of the intestate, and was packed away in a hogshead by the defendant. The action was commenced in the Fall of 1839. The defendant’s counsel insisted, that the impression of a witness, as regards time, was no evidence, and moved the Court to instruct the Jury, that there was no evidence to take the case out of the Statute of Limitations. The Court declined giving the instruction, but told the Jury, that, if they were satisfied that the bacon was sold and delivered, in the Spring of 1836, on a credit of twelve months, the Statute did not bar. A verdict was rendered for the plaintiff. Rule for a new trial discharged, and from the judgment on the verdict the defendant appealed.
 

 . The practice of proving the loss of deeds and papers, other than negotiable instruments, for the purpose of letting in secondary evidence of the contents, by the affidavit of the party, is well settled. As to deeds and bills of sale, it has not been drawn in question, since the cases in Haywood’s Reports. The reasoning applies, with equal force,
 
 *48
 
 to a contract in writing, like the one in this case. The affidavit of a party, who has custody of the paper, is fre* quently the only evidence that can be given of its. loss, and if it is not received, he must be deprived of his rights. There is no kind of objection to this mode of proof, when the purpose is, simply, to let in secondary evidence. It is different as to 'negotiable instruments; for, as is said in
 
 Fisher
 
 v
 
 Carroll,
 
 6 Ired. Eq. 488, “ The loss of a deed, even in a Court of Law, may be shows^ by the oath of a party, so as to let in secondary evidence; and the only reason why the same practice is not followed in these Courts, in reference to the loss of bonds and notes, is the want of power to require an indemnity, as a condition to the judgment/’ The same distinction, in regard to negotiable instruments, is taken,
 
 Cotten
 
 v Beasley, 2 Murp. 259, where it is held, that,
 
 in
 
 a Court of Law, the loss of
 
 a bond
 
 cannot be proven by the party,
 
 because it is negotiable.
 
 In
 
 Hansard
 
 v
 
 Robeson,
 
 14 E. L. C. Rep. 20, this further reason is given, when the action is against an endorsee : The holder has no
 
 legal
 
 right to require payment, unless he delivers up the note, so as to give the defendant his remedy over. These cases are cited, to show the peculiar reason for making negotiable instruments an exception; they fully establish the general rule in reference to all other papers, the contents of wffiich it becomes necessary to prove by secondary evidence.
 

 Another exception is, because the Court refused to in* struct the jury that the impression of a witness, as regards time, was no evidence, and so there was nothing to take the case out of the statute of limitations. The impression of a witness, who professes to have any recollection at all, is certainly some evidence. The degree óf weight, to which it is entitled, is • a matter for the jury, and will, of course, depend very much upon circumstances. The witness in
 
 *49
 
 this case was not stating the time, simply from his recollection of the contents of the paper, but his recollection was aided by the fact, that he was present at the delivery of the bacon. It was properly left to the Jury to say, whether the evidence satisfied them that the bacon was sold on a credit of twelve months, and was delivered in the Spring of 1836. It is further objected, that the plaintiff ought to have declared specially upon the writte'n contract, and could not maintain assumpsit for goods sold and delivered. There is no distinction between a parol and a written contract, unless the latter is under seal, when covenant is the proper action. If a promissory note be given for the price, the original cause of action is not mergedassumpsit for goods sold and delivered will lie, and the note may be used as evidence ;
 
 Stedman
 
 v
 
 Goode,
 
 1 Esp. N. P. e. 5.
 

 It is said by the counsel for the defendant, that assumpsit for goods sold and delivered lies, only when the price is due at the time of the delivery, and, if by the agreement, the price is to be paid at a future day, the plaintiff must declare on the special contract. This distinction is unsupported by authority. The only difference between a sale for cash and a sale on time, is that, in the former case, assumpsit may be brought forthwith; in the latter it cannot be brought until after the time of credit expired.
 
 Hoskins v Dupervy,
 
 9 East. 498. In
 
 Helps
 
 v
 
 Winterbottom,
 
 B. and Ad. 431, it is held, if a sale is made on time, and a note and security are not given as agreed on, assumpsit will lie at the end of the time, or the party may sue before the expiration of the time, when he must declare specifically for the omission to give the note and security. In the present ease the action is brought after the day of payment, and there is no reason for requiring the plaintiff to declare specially upon the written contract.
 

 Per Curiam. Judgment affirmed.