S. A. COPELAND v. WILLIAM FOWLER.

(Filed 24 November, 1909.)

1. Contract, Breach of — Note — Maturity — Suit, When Brought — Procedure.

Under evidence tending to show that defendant agreed to give plaintiff a certain amount to boot in a horse trade, in the form of a note, payable at a time subsequent to the action, and to secure it with a chattel mortgage on the horse thus obtained, which he put off from time to time and failed to do, finally selling the horse to another, it is error to sustain defendant's motion to nonsuit upon the evidence, on the ground that suit was brought be-

fore the maturity of the note. Upon the breach of the agreement to give the note and security the action presently lies.

### 2. Same—Measure of Damages.

For the breach of an agreement to give a note, secured by a chattel mortgage for the balance due plaintiff on a trade, the measure of damages, in an action thereon brought prior to the time the note was to have matured, will ordinarily be the amount indicated by the contract,—if the note was to bear interest, the amount and interest; if not, the present value of the note with interest thereon from time of suit.

### 3. Contract, Breach of — Note — Maturity — Suit, When Brought — Arrest and Bail—Procedure.

The ancillary process of arrest and bail on an affidavit charging fraud and deceit, on the part of defendant, in the contract by which plaintiff's property was obtained, does not change the nature of the plaintiff's action brought for damages for breach of the contract, and such course is allowed under Revisal, 727, subsec. 4; but on recovery had there can be no imprisonment under final process unless the issue of fraud has been expressly submitted to and determined by the jury against the defendant.

MANNING, J., did not sit on the hearing of this case.

APPEAL from *Long, J.,* March Term, 1909, of DURHAM.

Civil action, heard on appeal from a justice's court. The evidence of plaintiff tended to show that, in October, 1907, the plaintiff exchanged a mare for defendant's mule, and, as a part of the trade, defendant agreed to give $65 to boot and to execute his note therefor, payable 1 November, 1908, and to execute a chattel mortgage on the mare, and some additional personal property to secure the same; that the exchange was made at plaintiff's house in the country, and the understanding was that defendant was to come to Durham in the course of a few days and give the promised security; that defendant failed to comply with this agreement, and put plaintiff off from time to time on different pretexts, until the spring of 1908, when plaintiff ascertained that defendant had disposed of the mare, and instituted the present suit, laying his damage at $65, the promised boot.

There was evidence on the part of defendant contradicting that of plaintiff. At the close of the testimony, the court, on motion, dismissed the action as on judgment of nonsuit; the reason indicated in the assignment of error being that as the boot was not to be due till 1 November, 1908, the action had been prematurely brought.

Plaintiff excepted and appealed.

*Foushee & Foushee* for plaintiff.
*Bryant & Brogden* and *Aycock & Winston* for defendant.

COPELAND *v.* FOWLER.

HOKE, J., after stating the case: There was error in the order dismissing the case as on judgment of nonsuit, arising, if the assignment of error correctly indicated the reason for the ruling, from a misconception of the nature of plaintiff's demand.   According to plaintiff's version, the contract between these parties was not confined to an exchange and $65, payable 1 November, 1908, but contained the further stipulation that defendant was to secure this boot by a chattel mortgage on the mare and additional personal property; and plaintiff's evidence further tended to show that defendant has failed and refused to comply with the agreement to give the chattel mortgage, and that he has put it out of his power to make full compliance by disposing of the mare to some third party.   If these facts are accepted by the jury, the authorities are all to the effect that an action presently lies, and that ordinarily the damages will be the amount indicated by the contract—if the note was to bear interest, the amount and interest; if not, then the present value of the note, with interest thereon from the commencement of the suit. *McRae v. Morrison,* 35 N. C., 46; *Young v. Dalton,* 83 Tex., 497; *Rinehart v. Olwine,* 61 Pa. St., 157; *Hanna v. Mills,* 21 N. Y., 90; Bishop on Contracts, sec. 827; Clark on Contracts, p. 448.

In *Rinehart v. Olwine* it was held: "When goods are sold on credit, the vendee to give his note, which he refuses to do after the goods are delivered to him, an action may be maintained for a breach of the contract before the expiration of the credit, in which the measure of the contract is the price of the goods."

And in *Hanna v. Mills, supra,* the Court held as follows: "1. Where goods are sold, to be paid for by a note or bill, payable at a future day, which is not delivered according to the terms of sale, the vendor may sue immediately for a breach of the special agreement and recover as damages the whole value of the goods, allowing a rebate of interest during the stipulated credit.   He cannot, however, maintain *assumpsit* on the common counts until the credit has expired."

Nor is this position in any way affected by the fact that plaintiff has sued out the ancillary process of arrest and bail on an affidavit charging fraud and deceit on the part of the defendant in the contract by which plaintiff's property was obtained.   This does not change the nature of the action at all, which is for a breach of the contract; and, on the facts indicated in the affidavit, the course pursued comes within the express provisions of the statute (Revisal 1905, sec. 727, subsec. 4), in part, as follows: "When defendant has been guilty of a fraud in contract-

ing the debt or incurring the obligation for which the action is brought."

It may be well to note that, in cases of this kind, our decisions are to the effect that, on recovery had, there can be no imprisonment under final process, unless the issue of fraud has been expressly submitted and determined by the jury against the defendant. Pell's Revisal, sec. 625, and authorities cited, notably *Ledford v. Emerson,* 143 N. C., 527.

For the error indicated, the order of nonsuit will be set aside and a new trial had.

Error.

MANNING, J., did not sit.