May Term,
1860.

HAYS *v.* WEATHERMAN.

HAYS
v.
WEATHER-
MAN.

14    341
166    366

Where a person purchases property, and is to have a delay of payment upon executing his notes, if he fails to execute his notes the purchase-money is due immediately.

APPEAL from the *Sullivan* Court of Common Pleas. *Wednesday, June 6.*
DAVISON, J.—This was an action by *Hays* against *Weatherman.* The complaint alleges that the plaintiff, on the 15th day of *November,* 1856, sold and delivered to defendant two yoke of oxen, for which he agreed to pay 120 dollars, in two equal payments, viz., one payment on the 25th of *December,* next following the date of the sale, and the other by the first of *May,* 1857. And to secure these payments, defendant agreed to execute two several promissory notes, each for the payment of 60 dollars. It is averred that defendant, though often requested, has neglected and refused to execute the notes, and has, also, refused to pay said purchase-money, or any part of it.

Issues being made, the cause was submitted to a jury, who found for the plaintiff 61 dollars, 35 cents. New trial refused, and judgment. The evidence shows the sale of the oxen, as stated in the complaint, in *November,* 1856; that the consideration was 120 dollars, one-half to be paid on the first of *January,* 1857, and the residue on the first of *May,* then next following. And there was evidence tending to prove that defendant, as part of the contract of sale, stipulated that he would execute two promissory notes for the purchase-money, which was not done.

This suit was commenced *February* the 10th, 1857. At the proper time the plaintiff moved this instruction: "If the jury find that the defendant, when he bought the oxen, agreed to execute to the plaintiff his notes for the purchase-money, and has failed to do so in a reasonable time, a right of action accrued to the plaintiff." The Court refused to so instruct the jury, and plaintiff excepted.

This exception was well taken. The defendant having received the property, and having failed to execute the

notes, as stipulated in the contract of sale, was not entitled to the proposed delay of payment. He became at once liable for the price of the oxen, as agreed on by the parties. Indeed, the rule is well settled, that "where goods are sold on a credit that are to be paid for at a future day, and it is part of the contract of sale that a note shall be given immediately, which is to be payable on that future day, if such note be not given, an action can be maintained for not giving the note, and the measure of damages is the full price of the goods." 2 Pars. on Cont. 486, 487, note *k*, and cases there cited.

This exposition is no doubt correct, and the result is, the instruction was pertinent to the case, and should have been given. Its refusal was error, and the judgment must, therefore, be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. P. Usher* and *S. Coulson*, for the appellant.
*W. G.* and *F. L. Neff*, for the appellee.