Carnahan v. Hughes et al.

Filed Nov. 16, 1886.

———◆———

No. 12,693.

CARNAHAN v. HUGHES ET AL.

SALE.—*Personal Property.—Refusal of Purchaser to Execute Notes as Agreed.— Remedy.—Measure of Damages.*—Where goods are sold upon credit, the purchaser agreeing to execute notes payable at a future day for the purchase-price, his refusal to do so entitles the seller to maintain an action for the refusal, and the measure of damages is the full price of the goods.

SAME. —*Agency.—Authority to Bind Absent Person.—Contract.—Ratification.*— In order that one person by his agreement may bind another in the purchase of property in his absence, it must be shown either that the

former had authority to make the contract, or that it was afterwards ratified by the latter upon a sufficient consideration.

SAME.—*Sale to Two Persons.—Agreement that Both Shall Execute Notes.— Acceptance of Notes Signed by One.— When Surrender of Necessary to Action Against Other.*—Where, upon a sale of goods to two persons, the seller receives and retains notes executed by one for the purchase-price, he can not maintain an action against the other for damages for refusing to sign the notes according to the contract of sale, without returning or offering to return the notes received, or showing an excuse for not doing so.

From the Daviess Circuit Court.

*J. Baker,* for appellant.

*A. J. Padgett* and *J. Downey,* for appellees.

MITCHELL, J.—On the 26th day of June, 1883, the appellees, John and Edward Hughes, contracted by and through Edward Hughes, with the appellant Carnahan, for the purchase of a Champion reaper, at the agreed price of $110. The reaper was delivered to and received by the purchasers.

It was agreed that the purchasers should pay $37 on the 1st day of September, 1883, $36 September 1st, 1884, and $37 on the 1st day of January, 1885, the deferred payments to be secured by the purchaser's notes, drawing interest at six per cent. from August 1st, 1883, until paid, and stipulating for five per cent. attorney's fees. It was also agreed that the title to the property sold should remain in the seller until full payment was made, and that the purchasers should execute their notes for the respective amounts designated, which notes were to evidence the conditions and limitations, above mentioned. Edward Hughes executed the notes according to the terms of the contract, and agreed that John, who was not then present, would within a reasonable time do likewise. Upon demand, John Hughes refused to sign the notes. On the 14th day of January, 1885, the appellant filed his complaint against John and Edward Hughes, setting out the foregoing facts, with copies of the notes signed by Edward, and alleging that the whole of the purchase-price was due and unpaid, and demanding judgment.

The court sustained the separate demurrer of John Hughes to the complaint, and the propriety of this ruling is the only question for consideration.

The appellees have filed no brief, and we are not advised as to the theory upon which the court proceeded in holding the complaint insufficient.

It is abundantly settled that where goods are sold upon credit, the purchaser agreeing as part of the contract to execute notes payable at a future day for the purchase-price, the refusal of the purchaser to execute the notes according to the contract, entitles the seller to maintain an action for such refusal, and the measure of damages is the full price of the goods sold. *Hays* v. *Weatherman,* 14 Ind. 341; *Clodfelter* v. *Hulett,* 72 Ind. 137 (148); *Barron* v. *Mullin,* 21 Minn. 374; *Hanna* v. *Mills,* 21 Wend. 90; 2 Benjamin Sales, section 1127.

The difficulty with the appellant's complaint, which induced the ruling below, doubtless was that it appears from the averments therein that the contract for the purchase of the reaper was made with Edward Hughes, who executed his notes for the purchase-price, and who agreed, in the absence of John Hughes, that the latter would sign the notes within a reasonable time thereafter.

Upon this state of facts, without more, it is not apparent how it can be claimed that John Hughes was bound. Suppose Edward Hughes, in the absence of John, did contract for and receive a reaper for both, and that he agreed that the latter would thereafter sign the notes which had been executed by Edward, it does not appear that John and Edward sustained any such relation to each other as authorized the one to bind the other, by any purchase of property for him, or by an agreement made in his absence, that the latter would sign notes therefor; nor does it appear that John Hughes in any manner ratified the contract, or accepted the benefits thereof, with knowledge of what had been agreed upon.

Where one person assumes to bind another in respect to the

purchase of property in his absence, some relation of partnership, or other agency, must be shown to exist between the person contracting and the one contracted for, through which the person so assuming to contract derives authority in that behalf, either express or implied. Unless some such authority is shown to have existed, or unless it appears that the person on whose behalf an executory contract was made, afterwards ratifies it, upon a sufficient consideration, as by accepting its benefits with full knowledge of the facts, it creates no obligation against a person who is thus sought to be bound. The complaint fails entirely to make a case against John Hughes.

Moreover, if it had appeared that Edward Hughes was authorized to bind his co-defendant to the extent claimed, since the appellant received and retained the notes executed by one of the purchasers in discharge of the contract, it was not competent for him to maintain an action for damages, for a breach of the contract to execute notes according to the agreement, without returning, or offering to return, the notes which he received, or without averring some sufficient excuse for not doing so. While the notes of Edward Hughes are held, he is not in default for not executing them. In the absence of anything to show that the notes as executed and accepted are not collectible, it is not apparent that the appellant, so long as he chooses to hold them, has suffered any injury by the refusal of John Hughes to sign them.

It will be observed that although the action was not brought until after the credit agreed upon had expired, the suit was not in assumpsit to recover the price of the goods, but, in its nature, it is an action for damages for failing to execute the notes according to the agreement.

While such an action may be maintained even before the term of credit expires, it can not be maintained while the seller of goods holds a note which he accepted in pursuance of the contract for credit. 2 Benjamin Sales, section 1127, and cases cited in note 9.

Indeed, it may be doubted whether he could maintain an action on the account, while holding the note of one of the debtors, without offering to surrender it, or showing that it was worthless. 1 Lindley Partnership, pp. 450, 451, and notes.

The judgment is affirmed, with costs.

Filed Nov. 6, 1886.