## YOUNG & KUHEN v. BLANCHE DALTON.

### No. 3242.

1.   **Measure of Damages — Suit on Contract for Sale of Cattle.** — Under a contract for sale at agreed price per head plaintiff delivered to an agent of the buyers ninety-two head of cattle at the place and time specified.   The terms of the contract required the buyers to execute their note due in nine months with 10 per cent interest. The buyers claimed that the cattle were not such as represented, and they refused to receive them upon their contract; also refusing to execute their note.   Suit was brought at once for the value of the cattle delivered.   The defense urged that the suit was prematurely brought, and that no allegation or proof of the value was made other than as part of the contract.   *Held*, the jury having found against the charge of fraud:

1.   It was not necessary to a recovery that the value be proved.

2.   The suit was not prematurely brought, for buyers could not violate their contract as to the mode of payment by note and have the credit stipulated.

2.   **Right of Action.**—Cattle buyers agreed upon terms of purchase and were to pay by their note due in nine months.   They refused to make their note for the cattle delivered.   *Held*, that right of action arose from the breach of the agreement to execute the note, and the measure of damages is the price agreed upon.

APPEAL from Tarrant.   Tried below before Hon. R. E. BECKHAM. The opinion states the case.

*Camp & Camp* and *J. P. Hutchinson*, for appellants.—1.   The contract having stipulated for a credit of nine months for the cattle, and that a note due in nine months should be made and delivered, the failure of appellants to make and deliver the note did not entitle appellee to sue at once for the contract price; but did entitle her to elect either of two remedies: (1) to sue at once for the reasonable value of the cattle; (2)

to wait the nine months and then sue for the contract price and interest. Story on Sales, secs. 236, 444; Benj. on Sales, rev. ed., sec. 660, note 19; Id., sec. 1127, note 9; Tied. on Sales, sec. 332; Kellogg v. Turpie, 34 Am. Rep., 163; Girard v. Taggart, 9 Am. Dec., 327; Hanna v. Mills, 34 Am. Dec., 216.

2. The proof being that the cattle were sold on a credit of nine months, and that suit was filed before credit expired, the measure of recovery was the actual value of the cattle, and not the contract price. Story on Sales, secs. 236, 444; Benj. on Sales, secs. 660, 1127, notes 9, 19; Tied. on Sales, sec. 332; Kellogg v. Turpie, 34 Am. Rep., 163; Girard v. Taggart, 9 Am. Dec., 327; Hanna v. Mills, 34 Am. Dec., 216.

*M. B. Harris* and *Ayres & Ayres*, for appellee.—1. Plaintiff's action was not prematurely brought. Grant v. Burleson, Patterson & Co., 38 Texas, 214; Gilmore v. Hall, 34 Am. Dec., 700; Hanna v. Mills & Hooker, 34 Am. Dec., 216; Hammond v. Daily, 61 N. Y., 362; Ferris v. Spooner, 102 N. Y., 12; Parks v. O'Connor, 70 Texas, 387.

2. Contract price is the correct measure of damages on breach of contract in failure to execute note. Hanna v. Mills & Hooker, 34 Am. Dec., 216; Parks v. O'Connor, 70 Texas, 384; Welden v. Meat Co., 65 Texas, 487; White v. Land and Cattle Co., 75 Texas, 465; 5 Am. and Eng. Encyc. of Law, 29.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by the appellee to recover damages for breach of contract. Her petition alleged, that about the 5th day of August, 1891, she sold and delivered to appellants ninety-two head of cattle, for which they promised to pay her $15.25 per head by executing to her their promissory note of said date, to become due in nine months from date, with interest at the rate of 10 per cent per annum. The petition charges that defendants refused to execute to her their note for the price of said cattle, or to pay her therefor. Plaintiff's original petition was filed on the 30th day of August, 1891.

Upon the verdict of a jury, judgment was rendered for the plaintiff for the contract price.

The assignments of error present the following questions:

1. That the court erred in overruling defendants' exceptions to the petition on the ground that it failed to allege the value of the cattle, and that it showed that the suit for the contract price was prematurely brought.

2. That the court erred in charging the jury to find for the plaintiff the contract price of the cattle, there being no evidence that they were worth that price, and it appearing that this was a suit for the contract price begun before the debt became due.

The defendants among other things pleaded, that they contracted for the cattle before they saw them, and that the plaintiff made fraudulent representations about them, by which they were deceived. The evidence upon this issue, and with regard to the time, place, and circumstances of the delivery of the cattle, was conflicting. The court gave the defendants the benefit of a proper charge upon the issues of misrepresentation and fraud, but directed the jury, if they did not find for them on that issue, to return a verdict for the plaintiff for the contract price.

We think the charge was correct. The price of the cattle was agreed upon, and they were to be delivered to the agent of the defendants. The defendants were bound to execute their note, payable in nine months, for the price stipulated. When they refused to execute the note they committed a breach of the contract, and gave to plaintiff the right to sue immediately for the price. The defendants did not have the right to violate the contract with regard to the execution of the note and still have the credit that was agreed to be given them. The plaintiff's right to sue arose out of the breach of the agreement to execute the note, and the damages in such cases are the price of the property. Hanna v. Mills & Hooker, 21 Wend., 90; Hays v. Weatherman, 14 Ind., 341; Rinehart v. Olivim, 5 Watts & S., 162; Benj. on Sales, secs. 764, 765.

The judgment is affirmed.

*Affirmed.*

Delivered February 19, 1892.