THE SOUTHWESTERN PORT HURON COMPANY V. S. M. WILBER.

No. 14,865   (88 Pac. 892.)

SYLLABUS BY THE COURT.

1. BROKERS—*Commercial Broker Defined.* An agent employed to sell machinery by procuring orders or purchasers therefor is a commercial broker, when the contract of agency neither gives nor contemplates any possession or right of possession in the agent to the machinery to be sold.

2. ——— *Sales—Authority of Broker.* Such a broker, without power to make an actual sale and delivery, can only procure or find purchasers willing to buy, and the consummation of a sale depends upon the principal.

3. ——— *Commission for Sales Procured.* Where under his contract of agency with the principal such broker is entitled to a commission upon any sales of such machinery made by him, and he notifies the principal that he has prospective purchasers for a machine, and informs the general agent of the principal (who is sent by the principal in response to such notice to assist in making the sale) of the names of purchasers and where they live, and such general agent thereupon proceeds to negotiate and consummates such sale, then such broker is entitled to his commission; provided, that it appears from the circumstances that the action of the agent so far effectuated the sale that but for such action the particular sale could or would not have been consummated.

4. ——— *Revocation of Agency Pending Negotiations—Right*

*to Commission.* In such a case, the agent having acted in good faith, the revocation of the contract of agency by the principal during the pendency of the negotiations and before the consummation of the sale does not deprive the agent of his right to the commission.

Error from Douglas district court; CHARLES A. SMART, judge. Opinion filed February 9, 1907. Affirmed.

*Lucius H. Perkins,* and *William W. Nevison,* for plaintiff in error.

*W. B. Brownell,* and *Fred A. Clarke,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: The defendant in error brought this action in the district court of Douglas county to recover from the Southwestern Port Huron Company $700, which he claimed was due him on account of the sale of a road-roller under a written contract of agency. The issues were tried by the court without a jury, and judgment was rendered in favor of Wilber for $382 and costs. To reverse this judgment the company brings the case here.

The only objection urged to the judgment is that it is not sustained by the evidence; that, on the contrary, the evidence shows that the agent was guilty of bad faith with the company and should therefore be debarred from recovering anything. The evidence tending to show bad faith is disputed, hence the finding of the court thereon is conclusive against the company. The contract between Wilber and the company, among other things, provided:

"The agent shall earnestly endeavor to sell the machinery and supplies manufactured by the Port Huron Engine & Thrasher Company, of Port Huron, Mich., and its auxiliary concerns, the same being exclusively handled by the company in preference to any other make or kind."

It nowhere provided that the agent should sell no other like machinery or should sell the company's machinery exclusively. The undisputed evidence is that Wilber notified the defendant that he had a prospective purchaser, and the company responded by sending him a catalogue and informing him that their general agent in charge of that territory would call upon him in a few days and would quote him prices and assist him to land his customer; that the general agent arrived at Wilber's place of business and Wilber gave him the names of the prospective customers and where they lived; and that the general agent went out to see the customers and a few days thereafter accomplished the sale. After the general agent of the company had been at Wilber's place of business in Lawrence, and had seen the Huddlesons, the prospective purchasers, but before the sale of the machine was closed, he notified Wilber by letter of the discontinuance of his (Wilber's) agency.

We think this evidence is sufficient to sustain the judgment of the court, to say nothing of the conflicting evidence, as to which, in the absence of special findings of fact, the court is presumed to have given credence to that portion which accords with the general finding in favor of Wilber.

Under the contract upon which this action is based Wilber occupied the relation to the company of a commercial broker, at least, as to selling road-rollers and machinery that was not to be delivered to the agent but was to be sold by the company on orders obtained by the agent, if such orders were approved by the company. Wilber's relation to the company was such that the question whether under the contract he was entitled to a commission on the sale is quite different than would be such a question between a principal who has delivered machinery to an agent with power to sell. The latter has the power to make an actual sale and delivery of the goods to the purchaser. The broker can

only procure or find purchasers willing to buy, and it rests with the principal to consummate the sale or not so to do.

"A broker is one who negotiates contracts relative to property, and makes sales of the same, when he has no custody of the property. . . . A broker is an intermediate agent negotiating between buyer and seller, and as broker he is not entitled to the possession of the property which is the subject of sale or purchase, nor does he receive or pay the price unless he is authorized so to do." (1 Words & Phrases Jud. Def. 882.)

An agent for the sale of real estate is classed as a broker, and it was held in *Plant v. Thompson,* 42 Kan. 664, 22 Pac. 726, 16 Am. St. Rep. 512, "that it is sufficient to entitle real-estate agents to their commission if a sale is effected through their agency as its procuring cause, although the same may be made by the owners of the property, if by their exertions the purchaser and owners are brought together, and the sale results therefrom." (Syllabus.) In *Gillett v. Corum,* 7 Kan. 156, it was said:

"An agent employed to sell real estate, and finding a purchaser, and bringing him and his principal into communication, and setting on foot negotiations which result in a sale, cannot be deprived of his right to compensation by a dischage prior to the consummation of the sale." (Syllabus.)

(An extended collation of the authorities on this subject is made in a note to *Hoadley v. Savings Bank of Danbury,* 71 Conn. 599, 42 Atl. 667, in 44 L. R. A. 321, and to *Lunney v. Healey,* 56 Neb. 313, 76 N. W. 558, in 44 L. R. A. 593.)

The general rule is: When a sale is actually consummated, if the broker is so far the contributing or proximate cause thereof that the particular sale would not have been made but for some act or effort of his he is entitled to his commission, although he takes no part in the negotiations thereof. Of course every agent is bound to exercise good faith with his principal, and if,

in violation thereof, he should unavailingly attempt to defeat a sale he would not be allowed to reap a benefit from a transaction which he so attempted to defeat. As before remarked, however, the question of bad faith in this case was an issue of fact, tried and determined adversely to the company by the court below upon conflicting evidence, and it is thus entirely removed from our consideration.

The evidence in this case strongly indicates that Wilber by notifying the company that he had prospective purchasers for a road-roller and by informing the general agent of the names and places of residence of such purchasers contributed to the resultant sale, and but for this neither the company nor its general agent could have consummated the sale.

The judgment of the district court is affirmed.