M. KELLY AND JAMES MCLAUGHLIN, COPARTNERS AS KELLY & MCLAUGHLIN v. T. E. PIERCE AND L. S. CHAMPINE, CO-PARTNERS AS PIERCE & CHAMPINE.

Opinion filed July 18, 1907.

**Appeal — Instructions — Abstract.**

1. Errors in giving instructions must be affirmatively shown by the abstract, and the court will not explore the record to substantiate assignments of error.

**Same — Waiver of Error.**

2. Errors assigned in the brief, but not argued, will be deemed abandoned.

**Sale — Agreement to Give Notes — Damages.**

3. A vendee who refuses to perform his agreement to execute notes for the purchase price of personal property sold and delivered to him, may be sued by the vendor for damages for breach of the contract immediately upon the refusal to deliver the notes, and the measure of damages will be the contract price.

**Partnership — Good Will.**

4. A partner has no power, as such alone, to sell the good will of the partnership business.

**Appeal — Error Without Prejudice.**

5. Submitting the measure of damages to a jury on a wrong theory is error without prejudice, where the result attained is the same as would necessarily have followed, had the question not been submitted to the jury at all.

Appeal from District Court, Cavalier county; *Kneeshaw, J.*

Action by M. Kelly and James McLaughlin, co-partners as Kelly & McLaughlin, against T. E. Pierce and L. C. Champine, co-partners as Pierce & Champine. Judgment for plaintiffs. Defendants appeal.

Affirmed.

*Cleary & McLean,* for appellants.

Dependent conditions must be complied with before seller is bound to part with his goods. Davis v. Jeffris, 58 N. W. 815; Osborne v. Martin, 56 N. W. 905; Wernli v. Collins, 54 N. W. 365.

Plaintiff cannot recover on quantum meruit. Wernli v. Collins, supra; Morrow v. Board of Education, 64 N. W. 1126; Prairie v. Haselem, 3 N. D. 328, 55 N. W. 938.

*Gordon & McIntyre,* for respondents.

Appellant must embody in his abstract sufficient facts to sustain error claimed. Ashe v. Beasley, 6 N. D. 191, 69 N. W. 189; Erickson v. Citizens National Bank, 9 N. D. 81, 81 N. W. 46; State v. Campbell, 7 N. D. 58, 72 N. W. 935.

Appellate courts favor every presumption necessary to support the judgment. Gaar, Scott & Co. v. Spalding, 2 N. D. 414, 51 N. W. 867; Clyde v. Johnson, 4 N. D. 92, 58 N. W. 512.

Where property is sold to be paid for in notes, action may be brought on refusal to execute them. 24 Am. & Eng. Enc. Law, 1123; Stevenson v. Repp, 10 L. R. A. 620; Hanna v. Mills, 21 Wend. 90; 3 Parsons Cont. (6th Ed.) 211.

Measure of damages is the contract price for the goods sold. Stevenson v. Repp, supra; Carnahan v. Hughes, 9 N. E. 79; Barrown v. Mullin, 21 Minn. 374; 2 Benjamin Sales, paragraph 1127; 24 Am. & Eng. Enc. Law, 1125.

MORGAN, C. J.   The plaintiffs sold and delivered to the defendants some horses, buggies, and other personal property used in the running of a livery barn in the city of Langdon for the agreed price of $1,550.   The terms of the sale were that the defendants were to execute to the plaintiffs two promissory notes, each for the sum of $775, one due on or before one year from the date of the sale, June 16, 1904, and the other due two years from the date of sale, each to bear interest at the rate of 8 per cent per annum. All of the property embraced in the sale was delivered to the defendants immediately after the terms of sale were agreed upon. The defendants refused to execute and deliver the notes as agreed. The plaintiffs bring this action for damages for their refusal to comply with the terms of the sale by executing and delivering to the plaintiffs the notes, and demand a recovery of judgment against the defendants for the sum of $1,550, with interest from the date of sale.   Said sum is sought to be recovered as damages growing out of the breach of contract.   The defendants answer, and admit their refusal to execute and deliver the notes, and further allege that their refusal was based upon the fact that the plaintiffs had failed to comply with the terms of the contract.   It is alleged in the answer that when the sale was made, and as a part of the consideration thereof, the plaintiffs agreed to cease doing any livery business and any feed business in Langdon, and further agreed to make, execute, and deliver to the defendants their undertaking that they would comply with the agreement to cease doing any livery or feed business.   A jury was impaneled and testimony taken, and at the close of the taking of the testimony the plaintiffs made a motion for a directed verdict, which was denied.   Thereupon the plaintiffs asked leave to reopen the case for the taking of further testimony.   This motion was objected to by the defendants, and the objection overruled, and the

defendants excepted to such ruling. Further testimony was taken as to the value of the property delivered to the defendants pursuant to such sale, and at the close of the taking of such testimony the plaintiffs again moved for a directed verdict upon all of the issues raised by the pleadings except the single one of the value of the property delivered to the defendants. This motion was granted, and the issue as to the value of the property was submitted to the jury. A verdict was returned for the sum of $1,550, and judgment was rendered pursuant to such verdict. After the jury brought in its verdict the defendants moved for judgment notwithstanding the verdict, or for a new trial in case such motion was denied, and there was no ruling upon the motion for judgment notwithstanding the verdict. A motion for a new trial was subsequently made and denied. Judgment was rendered upon the verdict, and the defendants have appealed from the judgment. The assignments of error relate principally to the refusal of the court to direct a verdict. There are other assignments which relate to the admission of testimony and the refusal to admit testimony, and there are also objections to the charge.

The objections to the charge will not be considered, as the charge is not set forth in the abstract; but the court is referred to the original record as to what the charge was. The charge, when excepted to, should be made a part of the abstract. The appellant, through his abstract, must affirmatively show that error was committed by the trial court, and the court will not ordinarily explore the record to substantiate an assignment of error. The error should affirmatively appear in the abstract. The objections to the charge will, therefore, not be considered. There are other assignments of error which are in the same situation; that is, they are not affirmatively shown by the abstract, and the court is asked to examine the original record to substantiate the assignments. All these assignments will be disregarded. The motion for a new trial is not contained in the abstract, and the grounds thereof do not appear outside of the record. There is no specification as to the particulars in which it is claimed that the verdict is not sustained by the evidence. For this reason it does not appear that it was error to deny the motion for a new trial, and, further, the denying of the motion for new trial is not assigned as error in the brief; the appeal being from the judgment.

The principal contention which was raised by the motion to direct a verdict was that the plaintiffs failed to comply with the terms of the contract of sale. As stated before, this contention is based upon the alleged fact that the plaintiffs agreed, as a part of the contract, to furnish a bond to discontinue doing a livery and feed business. This raises a question of law as to whether there was a conflict in the evidence that made it incumbent upon the trial court to submit that issue to the jury. Upon a careful consideration of the evidence, we are agreed that there was no conflict in the evidence on this question. There was some talk with the plaintiff Kelly before the sale was consummated as to the giving of a bond for the purpose stated, but the sale was not finally negotiated by the plaintiff Kelly, but was agreed upon and consummated between the plaintiff McLaughlin and the defendants, and the negotiations with Kelly were in no way made a part of the final contract with McLaughlin. It is admitted by the plaintiffs that they were willing to give a bond to discontinue doing any livery business, but the evidence shows that this conversation was had after the sale had been consummated, and that it was in no way a part of the original contract of sale, and there is no evidence in the record to show that it was agreed by them not to do any feed store business. This agreement was not a part of the contract of sale, and the evidence does not show that the plaintiffs agreed to give this bond before the notes were to be delivered; that is, it was not understood or agreed upon that the giving of the bond was a condition precedent to the giving and delivering of the notes. The defendants do not testify that the giving of the notes was to be dependent upon the giving of the bond. There was, therefore, no agreement as to the sale of the good will of the business, nor for the giving of a bond. Even if it be conceded that the plaintiff McLaughlin, on behalf of his firm, agreed to refrain from thereafter doing any feed and livery business, the contract would not be of any effect, as, under the express terms of section 5836, Rev. Codes 1905, one partner has no power to dispose of the good will of the business; hence the contract would be void, if it had been made, as it is not contended that the plaintiff Kelly even agreed to retire from the feed business, and he has at all times maintained that he desired to continue in the feed business, and has at all times refused to consent to retire from that business, and the record shows that he never so agreed, and

it further shows that the plaintiff McLaughlin refused to make such a contract unless agreed to by his copartner. This assignment is, therefore, not tenable.

It is further contended that the court submitted the case to the jury upon a theory which is at variance with the issues as made up by the pleadings. The allegations of the complaint state a cause of action for damages for a breach of the terms of a sale. The court submitted the question to the jury of the value of the property sold at the time of the sale, on the theory that the measure of damages on a breach of contract of sale was the value of the property sold at the time of sale. There is some conflict in the authorities as to what the measure of damages is upon the refusal of the buyer to execute notes for the purchase price of personal property, which were to be given for the price of them. We find that the great weight of authority is to the effect that, upon repudiating the agreement to execute notes, the vendor may at once sue for damages for breach of the contract. The vendor may withdraw his agreement to give credit upon the failure of the vendee to complete the contract according to its terms. We deem this the better rule, as it gives to each party the fruits of the contract. The following authorities fully substantiate this rule as to the remedy, as well as to the measure of damages: Hanna v. Mills, 21 Wend. (N. Y.) 90, 34 Am. Dec. 216; Foster v. Adams, 15 Atl. 169, 60 Vt. 392, 6 Am. St. Rep. 120; Young v. Dalton, 18·S. W. 819, 83 Tex. 497; Hays v. Weatherman, 14 Ind. 341; Carnahan v. Hughes, 108 Ind. 225, 9 N. E. 79; Meacham on Sales, section 1664; Barron v. Mullin, 21 Minn. 374; Parsons on Contracts (6th Ed.) 211; 24 Am. & Eng. Enc. Law, p. 1123, and cases cited; Stephenson v. Repp, 10 L. R. A. 620, 47 Ohio St. 551, 25 N. E. 803. The contract price, as stated, was $1,550, and the jury found the value of the property to have been $1,550 when sold. Conceding, for the purposes of the case, that the reopening of the case, and the taking of testimony after the case was reopened, was properly objected to and erroneous, still the defendants have not been prejudiced by the verdict of the jury. If the question had been submitted to the jury as to the value of the property, the trial court must have directed a verdict in plaintiff's favor for the same sum that the verdict was rendered for, under the evidence which was before the jury when the motion to direct a verdict for the plaintiff was made, and when the motion to reopen the case was

made. If it was error to submit the question to the jury, it was clearly an error without prejudice, and the defendants show no ground for their claim that they were prejudiced by such ruling. In submitting the case to the jury under a wrong measure of damages, there was no prejudicial error. The variance from the measure of damages pleaded was also without prejudice.

It was not prejudicial error on the part of the trial court in omitting to rule upon the motion for judgment notwithstanding the verdict, as that motion presented the same question for decision as had been denied on the motion for a directed verdict, and the same question as was passed upon on the motion for a new trial. The denying of the motion for a new trial was in effect and substance a denial of the motion for judgment. We have examined the assignments of error based upon the admission and rejection of evidence relating to the value of the property when sold, and find them without merit. Inasmuch as it was erroneous not to direct a verdict in plaintiff's favor for the contract price of the property, an error in the admission of evidence on the question of value would become immaterial.

This disposes of all the questions which have been properly presented to this court on the appeal. The others have not been properly raised, as stated before, or have been abandoned by the failure to rely upon them in the printed argument.

It follows that the judgment must be affirmed; and it is so ordered. All concur.