## HODGES v. BLYTHE.

No. 8417—Opinion Filed Feb. 12, 1918.

(171 Pac. 16.)

**Sales— Breach of Contract—Right of Action—Measure of Damages.**

Where goods are purchased upon an agreement to give promissory notes for a portion of the purchase price, payable at stipulated future times, on the refusal of the purchaser to execute and deliver such notes after the goods have been received by him, the seller may, without awaiting the expiration of the credit, maintain an action for the breach of the agreement, and the measure of his recovery will be the agreed purchase price of such goods.

(Syllabus by Bleakmore, C.)

Error from County Court, Tulsa County; J. W. Woodford, Judge.

Action by J. E. Blythe against J. F. Hodges. From a judgment for plaintiff in the county court, on appeal from a judgment for plaintiff in a justice's court, defendant brings error. Affirmed.

Jno. F. Kerrigan for plaintiff in error.

R. E. Berger, for defendant in error.

Opinion by BLEAKMORE, C. This action was commenced by J. E. Blythe as plaintiff against J. F. Hodges, defendant, in the justice court in Tulsa county, to recover $157.75, balance on the purchase price of an automobile alleged to be due and owing by defendant to plaintiff. Upon trial there was judgment for plaintiff and defendant

appealed to the county court of said county, where a like judgment was rendered, and defendant has brought the cause here for review.

Upon trial plaintiff testified to a contract, by the terms of which he sold to defendant a certain automobile for the sum of $250, to be paid as follows: $25 cash at the time of the making of the contract, and $75 upon delivery of the automobile, and $150 payable in 30, 60, and 90 days after such delivery, to be evidenced by three promissory notes to be executed and delivered by defendant to him; that pursuant to such contract he delivered the automobile to defendant, who paid $100 of the purchase price thereof, and promised to execute said notes, but failed and subsequently refused so to do.

Defendant testified as follows:

"Q. Mr. Hodges, state to the jury the circumstances of your agreement in the purchase of this car. A. Well, Mr. Barr took me down there to Mr. Blythe, and I wanted to buy a car, and at that time didn't have money enough to pay for all of it, and I bought a car partly cash and partly on payments, and bought this car, and it was in very bad condition, with the agreement he was to put it in first-class condition. We specified what was to be done to it, and while I was still there with him I gave him a check for $25 on the car, subject to approval. Q. What about the payments? A. I was to pay him, on delivery of the car $75 more; on approval of the car I was to give him three notes, $50 each, and either to give him a separate note for $15 to cover the $265, or pay him cash."

The sole contention of plaintiff in error is that the action was prematurely commenced. In our opinion, this contention is not tenable. While the general rule seeming to be that, where goods are sold, to be paid for by a note due and payable at a future time and the note is not given, the seller cannot recover in assumpsit on the general count for goods sold and delivered until the credit has expired, yet it is almost universally held that he may immediately proceed for a breach of the special agreement to give the note. In this jurisdiction, however, where but one form of action is recognized, if the facts pleaded and proved established that a party is entitled to relief in any form (whether as in the instant case, for the purchase price of goods sold, or, nominally for damages for breach of a special contract), it would seem that he may obtain such relief in the only action known to the Code    The evidence here clearly shows a refusal of defendant to ex-

ccute the notes as he had agreed for the purchase price of the automobile, which under the authorities, immediately gave rise to the very cause of action upon which recovery was had. In Stephenson v. Repp, 47 Ohio St. 551, 25 N. E. 803, 10 L R. A. 620, it is held:

"Where goods are purchased upon an agreement to give a promissory note for the price, payable in one year with interest, on a refusal of the purchaser to make and deliver the note after the goods have been delivered, the vendor may, without waiting for the expiration of the credit, maintain an action at once for the breach of the agreement, and the measure of damages will be the price of the goods sold and delivered."

In the body of the opinion is said:

"The plaintiff in error claims that the petition below does not state facts sufficient to constitute a cause of action, for the reason that the time of the credit on which the goods had been sold and delivered had not expired at the bringing of the action, and that he was not, therefore so indebted to the plaintiff as that an action could be maintained for the price of the property sold and delivered. It will be conceded that under the common-law system of procedure a general assumpsit for goods sold and delivered could not have been maintained upon the facts stated in the petition—the time of the credit not having expired, there would have been no ground for averring an implied assumpsit. But this is not material under our system, where no particular form of action is recognized, and the plaintiff is entitled to recover, if it appears from the facts stated in his petition that he is entitled to any relief. * * * The law applicable to the case is well stated by Brown, J., in Hanna v. Mills, 21 Wend. 90, [34 Am. Dec. 216]: 'When goods are sold to be paid for by a note or bill payable at a future day, and the note or bill is not given, the vendor cannot maintain assumpsit on the general count for goods sold and delivered, until the credit has expired; but he can sue immediately for a breach of the special agreement. Mussen v. Price, 4 East, 147; Dutton v. Solomonson, 3 Bos. & P. 582; Hoskins v. Duperey, 9 East, 498; Hutchinson v. Reid, 3 Campb. 329. In such an action he will be entitled to recover as damages the whole value of the goods, unless, perhaps, there should be a rebate of interest during the stipulated credit. The cases referred to by the counsel for the plaintiff in error give no countenance to the argument in favor of a different rule of damages. The right of action is as perfect on a neglect or refusal to give the note or bill as it can be after the credit has expired. The only difference between suing at one time or the other relates to the form of the remedy; in the one case the plaintiff must declare specifically, in the other he may declare generally. The remedy itself is the same in both cases  The

damages are the price of the goods. The party cannot have two actions for one breach of a single contract; and the contract is no more broken after the credit expires than it was the moment the note or bill was wrongfully withheld."

See, also, Kelly v. Pierce, 16 N. D. 234, 112 N. W. 995, 12 L. R. A. (N. S.) 189.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.