### J. I. CASE THRESHING MACH. CO. v. MOSLEY et al.

No. 8790—Opinion Filed May 21, 1918.

(173 Pac. 208.)

1. **Princ'pa: and Agent—Action for Commissions—Defense.**

Where the contract made between the manufacturing company and the dealer provides that no commission shall be paid to the dealer unless the order of the purchaser is signed by the dealer, the same is no defense in an action by a dealer against the company for a commission for a sale of machinery, when it is alleged in the pleadings and established by the evidence that the failure of the dealer to sign the order was due to the act and conduct of the company.

2. **Same—Contract—Recovery.**

In such action, when the company refuses to recogn'ze the contract right of the dealer to a commission, the dealer may sue and recover the entire amount thereof even though under the provisions of his contract the commission would be due and owing by the company as the purchase-money notes are paid by the purchaser.

(Syllabus by Hooker, C.)

Error from County Court, Murray County; J. H. Casteel, Judge.

Suit by William Mosley and others against the J. I. Case Threshing Machine Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Keaton, Wells & Johnston, for plaintiff in error.

Geo. M. Nicholson, for defendants in error.

Opinion by HOOKER, C. The defendants in error instituted this suit in the lower court against the plaintiff in error to recover the sum of $125, alleged to be due to them by the plaintiff in error as commission on the sale of an engine, etc., to one J. M. Vale, of Scullin, Okla. Judgment was ren-

dered in favor of the defendants in error in the lower court, and the plaintiff in error has appealed here.

In the bill of particulars filed herein it is alleged that the defendants in error are partners engaged in business in the town of Hickory, Murray county, Okla., and that the plaintiff in error is a corporation engaged in business in Racine, Wis., and that on or about the 7th day of April, 1915, the parties hereto entered into a dealer's commission agreement by the terms of which the company agreed to pay defendants in error a commission on all goods sold by them for it in the vicinity of Scullin, Okla., and that by virtue of the terms of said contract they were to have a commission of 10 per cent. thereon; that according to said contract they were required to take a written order for all machinery sold by them upon the blanks of the company, which orders were to be signed by the purchasers after they had recommended the purchase; and that on or about the 1st day of June, 1915, acting under said contract, they agreed to sell certain machinery for the plaintiff in error to one J. M. Vale, of Scullin, Okla., for the sum of $2,825, and that the said J. M. Vale agreed to purchase the same at said figure, and that they requested the company to send a representative to Scullin to assist in getting said trade with Vale, and instead of sending him to assist the defendants in error the company sent one Rexford, an agent of the plaintiff in error, at Sulphur, Okla., and that said Rexford, knowing that the said Vale was the party or prospect they had in view, attempted to sell said machinery direct to the said Vale, but that Vale then and there notified Rexford that he would not purchase said machinery of any other person than the defendants in error, and would sign the order for said machinery to be shipped through the plaintiffs below, and no one else, and that thereupon the said Rexford represented and stated to said Vale that if he would sign said order the machinery would be sold at the price agreed between plaintiff below and the said Vale, and that the said plaintiffs below would receive credit for the commission of said sale, and believing said representation to be true and relying thereon the said Vale signed said order with the positive understanding and agreement between him and the said Rexford that the plaintiffs below should receive the commission on said sale; that these plaintiffs below were ready and willing at all times to sign said order, but by reason of the acts and representations of the agent of the company they were prevented from so doing; that on account of the

acts aforesaid there is due to them the sum of $125 for which they pray judgment.

The evidence here may be stated substantially as follows: Mosley & Sons were engaged in business at Hickory, in Murray county, Okla., and the firm of Carter & Co. was engaged in business at Sulphur, Murray county, Okla. Both of said firms had a contract with the plaintiff in error known as a "dealer's commission contract," whereby said firms were authorized to sell the machinery manufactured and sold by the plaintiff in error in their localities. Both of said firms had interviewed J. M. Vale, who lives at Scullin, with the view of making a sale of certain machinery to him. Vale wanted to buy at the lowest figure he could, and informed both of said parties of that fact. After considerable effort upon his part to procure the lowest price he was finally offered the machinery by the defendants in error for the sum of $2,825, which was practically $75 less than the same had been offered to him by Carter & Co. Both of these firms had requested the branch office of the company at Oklahoma City to send a representative to them for the purpose of aiding in a sale of the machinery to Vale, and at the time of the transaction here one Rexford, the agent of the company, visited the town of Sulphur, where he and Carter, at Carter's store in the town of Sulphur, attempted to make a sale of this machinery to Vale for about $2,900. Vale declined to pay this price and Carter refused to sell for any less. Thereupon Vale, the purchaser, informed Rexford, the agent of the company, that Mosley & Sons had offered this property to him for the sum of $2,825, and that he was ready to sign a contract therefor, provided Mosley & Sons could receive the credit for the commission thereon as they had made him that price which was lower than any one else had offered so to do. Vale requested Rexford, the agent, to drive to Hickory or Scullin so tha_ Mosley & Sons could sign this order as required by the dealer's commission contract by the company and the salesman, but Rexford informed him that it was immaterial and that the matter could be arranged just as easily by executing the same then and there, which was done. Vale signed 'this written order for said machinery and the same was not recommended by any salesman of the company. He placed the order in his pocket and left the town of Sulphur and drove over to Davis. After he had left the town of Sulphur, Vale, the purchaser, informed Carter that he had signed a contract for the purchase of this machinery for the sum of $2,825 to be shipped through Mosley &

Sons at Hickory, And thereupon Carter stated that he would have the commission upon that sale. and that he would sign that contract as a salesman if he had to do so at the point of an automatic, and he immediately went to the town of Davis and found Rexford the agent of the company, and after consultation between them Carter signed this order as the salesman through whom the same was made and it was forwarded to the company at Oklahoma City. In a few days Mosley & Sons communicated the facts of this sale to Vale to the company and notified it of its claim for commission. And in a few days thereafter Vale, the purchaser, notified the company of the same state of facts and informed it that this sale was made through Mosley & Sons and that Mosley & Sons was entitled to the commission, and that he would not have bought it through any one else. The company refused to pay this commission and denied liability. and this suit was filed and the cause tried and judgment rendered as stated above.

The company has assigned four reasons why this judgment should be reversed.

(1) It is urged that under the terms of the contract between the parties here it is provided that commissions shall not be paid unless the order contract is signed by the dealer. That the dealer's contract as existing between the parties was clear and explicit in its terms, and that the order contract signed by the purchaser expressly prohibited oral agreements.

(2) That in the absence of a pleading or evidence of fraud the representations alleged to have been made by the agent. Rexford, to the purchaser, Vale, cannot be relied upon to vary the terms of the contract made by Vale with the company, in that the same related to future matters, and that if any fraud was practiced upon Vale the same is a personal matter and cannot be relied upon by Mosley & Sons in support of its cause of action here.

(3) That a portion of the commission notes would not be due and payable until the notes executed as a part of the purchase price of the machinery were paid, and that this action as to that part of the commission was prematurely brought, and the trial court committed an error in excluding evidence seeking to establish that fact.

(4) That the trial court committed an error in giving certain instructions to the jury.

The essential parts of the dealer's com-

mission contract which had been made by the plaintiff in error with the defendants in error are as follows:

"(E) To take a written order for all machinery, whether for cash or notes, upon the Case Company's 1915 order blank, in duplicate, containing the property statements of the purchasers properly filled and signed by the purchaser and by the dealer recommending the same, one of which shall be delivered to the purchaser—and shall contain the Case Company's standard form of warranty without alteration— and the other of which shall be promptly mailed to the Case Company for its acceptance; but such acceptance, or the approval of any branch house manager, officer, or salesman of the Case Company, shall not be deemed a waiver of any breach of duty, or of any stipulation of this agreement, unless expressly so agreed by the Case Company in writing."

And:

"Commission on time sales shall be payable only as each installment is fully paid in cash. A nonnegotiable commission certificate, or equivalent instrument, shall be issued by the Case Company, representing the commission to accrue upon each such installment, payable only in Racine after full payment is received in Racine, in money of the note or installment represented by such certificate, with its due proportion of interest collected and less its due proportion of all expenses attending the collecting and allowance made in the discounting or compromising said note or installment."

And:

"That no commission shall be paid upon the resale of goods taken back. * * * Nor upon any sale not recommended by the dealer in writing upon the Case Company's 1915 order blanks. * * *"

On the margin of the order executed here by the purchaser, Vale, to the plaintiff in error are the following notations:

"No branch house, manager, salesman, expert, local dealer, or any other person, unless authorized in writing by an officer of the company, has any authority to waive, alter, or enlarge this contract or to make any new or substituted or different contract, representation, or warranty."

And:

"Salesmen, mechanics, and experts are not authorized to bind the company by any act, contract, or statement."

And in the body of the order is this statement:

"No representation made by any person as an inducement to give and execute this order shall bind the company."

It is contended by the plaintiff in error that the provision in the dealer's contract that existed between the company and Mosley & Sons to the effect that the recommendation of the local dealer should be contained upon the order contract was a condition precedent to the right of the dealer to commissions, and that the same was the method and the basis upon which the company should ascertain and credit commissions; that this provision of the contract being valid and proper, the company was entitled to insist thereon; and that no commissions are payable unless the dealer should sign the contract, and that the same are not due until the term notes are paid to the company in cash. It is further asserted that inasmuch as the written terms contained in the order contract made by Vale expressly excluded the oral agreements and limited the agent from making such agreement the effort of Mosley & Sons to show the representations made to Vale, the purchaser, by Rexford, the agent of the company, at the time that said order was signed, should not be allowed for the reason that the oral testimony was in violation of the order contract itself which prohibited oral agreements and denied the authority of the agent to make the same, and it contradicted the dealer's contract which provided that dealers should have commissions only when the order was signed in writing by them, and was in all respects in violation of the provisions of our statute which provides that the writing superseded all oral negotiations and that a written contract cannot be altered except by a contract in writing. We have no fault to find with the principles of law supporting this theory of the plaintiff in error, but we do regard the same as applicable to the facts in this case.

This suit was instituted by the plaintiffs below against the company to recover a commission for the sale of certain machinery, and it is alleged here, and the verdict of the jury upholds the contention of the plaintiff below, that they were the procuring cause of this sale being made, and that they were prevented from complying with their dealer's contract, that is, from signing the order and making the recommendations thereon by the act and conduct of the defendant below acting through its agent. If that be true, they are entitled to their commission in this case.

It is claimed by the defendant in error that at the time Vale, the purchaser, delivered this contract or order to Rexford, the agent of the plaintiff in error, the contract was not complete, and that it was not intended by the purchaser that the same should have been signed by Carter & Co., as the dealer; that under the agreement had by Vale, the purchaser, with Rexford, the

agent, this contract or order was to be signed by Mosley & Sons as the dealer, and that it was executed by the purchaser with that understanding; and that under the authorities, where an oral contract is partially reduced to writing, the writing evidencing that it is not a complete statement of the entire transaction, parol evidence not inconsistent with such written contract is admissible to show the full agreement. Citing Rawlins v. Ufer, 61 Okla. 299, 161 Pac. 183; Smith v. Bond, 56 Okla. 112, 155 Pac. 1116; O. K. T. & S. Co. v. Neill et al., 59 Okla. 291, 159 Pac. 272, L. R. A. 1917A, 58; Holmes v. Evans, 29 Okla. 373, 118 Pac. 144.

In consideration of this cause it must be remembered that in the petition filed in this cause it is alleged that Rexford was the agent of the company and that at the time involved here he represented the company as its agent. This allegation of agency is not denied, and we must treat this case as admitted therein, that Rexford was the duly authorized agent of the company. See St. L. & S. F. R. Co. v. Wilson, 32 Okla. 752, 124 Pac. 326.

It is further alleged by the defendants in error that they were prevented from signing this contract by reason of the conduct of the company through its agent. The evidence here justified that conclusion. That being true, it follows the company here could not prevent the dealer from signing the order or purchaser's contract and rely upon the same as a defense when the agent instituted a suit for his commission. To hold otherwise would enable one to take advantage of his own wrong, and by means of perfidy and duplicity avoid the payment of just obligations.

The proof here abundantly shows that Mosley & Sons was ready at all times to sign this order of the purchase of Vale's; that it was understood and known by all parties to the transaction that the order was given to the company to be credited to them, and with full knowledge of the facts that the company here accepted this order, furnished to Vale the machinery, accepted his notes in payment of the purchase price thereof, and should be made to pay the commission due for a sale thereon. The company knew that Mosley & Sons was the procuring cause of this sale being made to Vale, and that being true, it was entitled to the commission. See Yarborough v. Richardson, 38 Okla. 11, 131 Pac. 680; Weigand v. Knight, 89 Kan. 807, 132 Pac. 1006; Roberts v. Markham, 26 Okla. 387, 109 Pac. 127; S. W. P. H. Co v. Wilbur, 75 Kan. 175, 88 Pac 892.

It is further asserted by the plaintiff in error that the trial court committed error in refusing to permit it to show that a portion of the commission notes would not mature until the time notes were paid. This position is not well taken.

This court in Hodges v. Blythe, 69 Okla. 163, 171 Pac. 16, held:

"Where goods are purchased upon an agreement to give promissory notes for a portion of the purchase price, payable at stipulated future times, on the refusal of the purchaser to execute and deliver such notes after the goods have been received by him, the seller may, without awaiting the expiration of the credit, maintain an action for the breach of the agreement, and the measure of his recovery will be agreed purchase price of such goods."

In Fox v. Kitton, 19 Ill. 519, it is held:

"Where a party agrees to do an act at a future day, and before the day arrives he declares he will not keep his contract or do the act, the other party may act on such declaration, and bring an action before the day arrives."

And in Obenauer v. Solomon, 151 Mich. 571, 115 N. W. 696, it is said:

"Where defendant refused to deal with a purchaser for his timber procured by plaintiff, and sold it through another broker, plaintiff was not obliged to wait until compensation would have been due under the terms of the contract between himself and plaintiff, but was entitled to sue immediately upon defendant's disabling himself from performing."

We have carefully examined the instructions in this case, and are of the opinion that the same fairly present the law of the case according to the facts herein expressed. We find no error in them.

The court submitted to the jury the proposition as to whether the plaintiff was the procuring cause of this sale, and if they were prevented from signing the order by reason of the conduct of the company or its agent, and the jury decided these questions adverse to the contention of the plaintiff in error. The instructions being fair and the verdict of the jury being supported by the evidence, we do not feel at liberty to disturb the same. We believe the plaintiff in error has had a fair trial, and no error is shown by this record prejudicial to its rights.

The judgment of the lower court is therefore affirmed.

By the Court: It is so ordered.