### BRITTON v. JOHNSON-McQUITY MOTOR CO.

No. 16795—Opinion Filed June 1, 1926.

Rehearing Denied Dec. 14, 1926.

1. **Replevin — Judgment for Plaintiff's Claim and Return of Property Erroneous Where Redelivery Bond Given.**

In an action of replevin to recover possession of an automobile for the purpose of foreclosing a lien, where the defendant had given a redelivery bond and retained possession, it was error to enter judgment against defendant for the amount of plaintiff's claim, and, in addition thereto, for a return of the automobile.

2. **Evidence—Parol — Incomplete Written Contract.**

Where an oral contract is partially reduced to writing, and the writing evidencing it is not a complete and final statement of the entire transaction, parol evidence not inconsistent with such written contract is admissible to show the full agreement.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Johnson-McQuity Motor Company against J. H. Britton in replevin for two automobiles. From judgment for plaintiff, defendant appeals. Reversed.

R. A. Howard, for plaintiffs in error.

Ledbetter & Brown, for defendant in error.

Opinion by ESTES, C. Parties will be

referred to as they appeared in the trial court, inverse to their order here. The motor company sued Britton in replevin for two automobiles, claiming the right of possession by reason of special interest under a chattel mortgage given to secure a certain note. the mortgage and note being exhibited, alleging that the value of the property was $450, and prayed judgment for return thereof or their value in the sum of $376.28. By answer, Britton admitted the execution of the note and pleaded recoupment against same for damages in the sum of $300 for defective workmanship and material in one of the cars purchased by him from plaintiff, and also alleged that at the time defendant purchased such car, it was agreed that in the event the selling price of said car should be reduced within 12 months thereafter, defendant should receive the benefit thereof, and the note sued upon should be credited with the amount of such reduction; that such car was so reduced within such year in price by $300, and that defendant was entitled to credit for the same, and prayed for costs, and that plaintiff takes nothing. Plaintiff introduced its note and mortgage and rested without adducing any special proof of the value of the car. On the first said offset claimed by defendant—defective material and workmanship—the court, on evidence of defendant, allowed $65, no complaint being made in this behalf. The court refused to admit defendant's evidence tending to sustain the second ground of offset—the claim for $300 for such reduced price—on the ground that the same was in contravention of the parol evidence rule. The cause was tried to the court without the intervention of a jury. The court rendered judgment—

"That the plaintiff do have and recover of and from the said defendant, J. H. Britton, the sum of $395.18 and costs of this action accrued and accruing. It is further ordered by the court. that an order of execution issue, commanding the sheriff of this court to take such property (describing same) and commanding said sheriff to deliver and return the same to the plaintiff, if he, the said sheriff, can find the same in the possession of defendant, J. H. Britton."

The property was in the possession of the defendant under his redelivery bond. Plaintiff pleaded a cause in replevin—not for foreclosure of his mortgage in equity. It is elementary that replevin is a possessory action, notwithstanding its scope is such that certain equities between the parties may be adjusted therein. The statute is that judgment for plaintiff may be for the possession, or for the recovery of possession,

or the value thereof in case a delivery cannot be had, and damages for the detention, if any. Said judgment is erroneous. The fourth paragraph of syllabus in DeGroff v. Carhart et al., 97 Okla. 145, 223 Pac. 180, is:

"In an action of replevin to recover possession of an automobile for the purpose of foreclosing a lien, where the defendant had given a redelivery bond and retained possession, it was error to enter judgment against the defendant for the amount of plaintiffs' claim, and in addition thereto, for a return of the automobile or its value."

2. The court held incompetent, the testimony to support defendant's allegation "that it was then and there agreed at the time he purchased said Wescott roadster that in the event the selling price of said car should be reduced within 12 months after he purchased same, * * * that defendant should receive the benefit thereof and the note sued upon should be credited with the amount" of such reduction in price. Defendant made proffer of such testimony, and also that there was such reduction of $300 in price within such 12 months. This ruling of the court was erroneous. Such evidence was not in contravention of the parol evidence rule. In O. K. Trans. & Storg. Co. v. Neill et al., 59 Okla. 291, 159 Pac. 272, it is held that where an oral contract is previously reduced to writing, and the writing evidencing it is not a complete and final statement of the entire transaction, parol evidence, not inconsistent with such written contract, is admissible to show the full agreement. See J. I. Case Threshing Mach. Co. v. Moseley et al., 70 Okla. 92, 173 Pac. 208, and cases therein cited at page 211. The question before us is whether the note, secured by the mortgage on said cars. is the complete and final statement of the contract between the parties. If it is, then parol evidence is not competent to enlarge, alter, or in any manner contravene its terms in the absence of accident, mistake of fact, or fraud. In Jesse French Piano & Organ Co. v. Bodovitz, 73 Okla. 87, 174 Pac. 765, the action was based upon three promissory notes. the execution of which was admitted by defendant, but a failure of consideration by reason of breach of an oral warranty as to the fitness of the piano, for the purchase price of which the notes were given, was pleaded. It was contended that testimony to support such oral warranty was in contravention of the terms of the written contract—the note. Cases like Colonial Jewelry Co. v. Bridges, 43 Okla. 813, 144 Pac. 577, were relied upon. This court held that such cases were not in point because therein the contracts of sale and purchase were reduced to writing, while

in the case then under consideration the contract for the sale of the piano was not reduced to writing, nor was any attempt made to embrace the terms of the sale in the written instrument; that only part of the contract o_ sale was reduced to writing, namely, that part in regard to the payment of the purchase price evidenced by the promissory notes. See authorities cited in said piano case. The court there held that a breach of such warranty would constitute pro tanto a failure of consideration, and in this respect that case is unlike the case at bar. The trial court in the instant case recognized that principle in allowing an offset, or recoupment, of $65 in favor of Britton on account of defective workmanship and material in the car purchased from plaintiff. The principle in the piano case, applicable to the instant case, is that the note there, as here, does not embrace the terms of the sale of the Wescott car to defendant, as contended by defendant. Britton admits the execution of the note—he does not deny the amount due thereon. His proffered testimony is not inconsistent with the terms of the note. Thereby he does not seek to contradict the amount due on said note, an essential term thereof, except by way of offset or recoupment by showing that he entered into an oral contract with plaintiff for the purchase of this car in which he agreed to give, and did execute and deliver, the note in controversy as evidence of the balance of the purchase price; that as a part of the same oral agreement, plaintiff was to credit the note with the amount of any such reduction in price within 12 months. The note was payable on demand. It had come due on the day following the execution thereof, had plaintiff demanded payment. The right of Britton to have credit on the note or recoupment for such reduction in price could not be determined for 12 months after the date of the note. If Britton had paid said note on demand of plaintiff, on the following day after its execution, and thereafter within the 12 months, said reduction in price had occurred, could he be denied recoupment, or his claim against plaintiff for such reduction in price, if such oral contract had been in fact made? This suit was brought more than 12 months after the date of said note, and defendant claims that such reduction occurred within the 12 months. Of course the burden was on Britton to prove by sufficient quantum of evidence, the existence of such oral agreement containing said provision. We hold that the proffered testimony was admissible under said authorities and would not have

been in contravention of the parol evidence rule.

It is also complained that plaintiff did not prove the value of the property. It is unnecessary to consider this assignment of error, except to observe that in a replevin action, it is elementary that no alternative judgment, as provided by the statute, can be entered for the value of the property, unless such value is admitted or proved. Beard v. Herndon, 84 Okla. 142, 203 Pac. 226.

Let the judgment be reversed, and the cause remanded for new trial in accordance with the views herein expressed.

By the Court: It is so ordered.

Note—See under (1) 34 Cyc. p. 1548. (2) 22 C. J. p. 1283 §1715; 10 R. C. L. p. 1030; 2 R C L. Supp. p. 1142; 4 R. C. L. Supp. p. 687.