## MASCHO v. HARBOUR-LONGMIRE CO.

No. 28619.     Oct. 11, 1938.

Rehearing Denied Nov. 15, 1938.

Application for Leave to File Second Petition for Rehearing Denied Dec. 26, 1938.

Walter G. Wilson, for plaintiff in error.

M. A. Cox, for defendant in error.

CORN, J. This presents an appeal from a judgment rendered against plaintiff in error by the district court of Lincoln county. in an action brought by defendant in error to recover the balance due under a conditional sales contract, interest thereon, and attorney's fees. The parties will be referred to as plaintiff and defendant, respectively.

Defendant purchased an electric refrigerator from the Mallonee Music Company, which company assigned the contract to plaintiff. Under the contract he agreed to pay part down and the sum of $13.51 per month. After stating the terms of purchase the contract provided:

"This is the entire agreement between the parties and no other representations or warranties have been made by the second party."

Defendant filed an answer and cross-petition. which was later amended, but neither pleading was verified, setting up a contemporaneous oral agreement whereby the vendor was to service the machine for a period of one year. Further, that the refrigerator had failed to operate as it should and was worthless, and there had been a failure and refusal to maintain same in good condition. Also, that he had tendered the refrigerator to vendor and asked a return of the money paid, which offer and request was refused, and he therefore sought judgment on cross-petition for $111.64.

The case was called for trial, and after plaintiff's opening statement, defendant's attorney, in his opening statement, said, "We admit the execution of the contract; we bought the electric ice box from Mallonee at El Reno." Thereupon the plaintiff moved for a directed verdict for the reason .the contract sued upon was not denied under oath, and the contents of the contract and amount of the note were admitted by the defendant and no evidence could be admitted to alter the contract.

After consideration of the matter the trial court sustained the motion and directed the foreman of the jury to sign the verdict for plaintiff. Motion for new trial was overruled, and defendant now assigns five specifications of error, but argues this appeal under the single proposition that the court erred in directing a verdict for plaintiff for the reason the ruling and judgment is not sustained by the evidence or pleadings and is contrary to law.

The basis of defendant's contention is that. although there was no written warranty,. the contemporaneous oral agreement was a part of the contract and part of the consideration for the execution thereof, and since the written contract contains no covenants or agreements, it was a contract only as to the manner of payment, and the court therefore erred in directing a verdict and not allowing defendant to show this agreement. In other words, defendant contends there was more to the agreement than what was expressed in the written contract, and he should have been permitted to show a breach of this agreement.

Supporting his contention defendant cites and relies upon the cases of French Piano & Organ Co. v. Bodovitz, 73 Okla. 87, 174 P. 765; Wayne Tank & Pump Co. v. Harper, 118 Okla. 274. 247 P. 985; Britton v. Johnson-McQuity Motor Co., 120 Okla. 221, 251 P. 74, and other related cases, all holding to the effect that when an oral contract is partially reduced to writing and the writing is not a complete and final statement of the entire transaction, parol evidence not inconsistent with such written contract is admissible to show the entire agreement.

However, examination of these and other cases cited by defendant reveals certain variances which prevent them from being applicable here. In Fairbanks, Morse & Co. v. Miller, 80 Okla. 265, 195 P. 1083, cited by defendant, this court held there could be both an express and an implied warranty in a contract involving the sale of machinery and there is an implied warranty

that the machine sold will do certain things, if the implied warranty does not conflict with the express warranty.

In the Harper Case, supra, this court held that in the absence of a contract which negatives same, there is an implied warranty that a gasoline pump will suitably perform the work for which it was made. This case is not applicable because here we have no implied warranty, the terms of the agreement itself negatived one.

The French Case, supra, relied upon so strongly by the defendant, was a case in which there was a suit upon a note to recover the unpaid balance of the purchase price of a piano. There the court held failure of consideration in a note could be shown by parol evidence, but limited this to an agreement **partially** reduced to writing. In that case the defendant was allowed to show by parol evidence the facts which induced him to sign the contract. In the case at bar, however, the defendant pleaded no fraud or inducement leading him to sign the contract, but only claimed the existence of this contemporaneous oral agreement enlarging the terms of the contract he had signed, and in which was clearly stated a provision setting forth that it was the entire agreement between the parties to the contract.

This same problem has often been before this court, and in innumerable cases this court has declared the rule to be that execution of a written contract supersedes all oral negotiations concerning the subject matter and terms which preceded or accompanied execution of the instrument, in absence of accident, fraud, or mistake of facts. Further, any representation made prior to or contemporaneous with execution of such contract is inadmissible to contradict or change the terms plainly incorporated into and made a part of such written contract. See Miller Bros. v. McCall, 37 Okla. 634, 133 P. 183.

In Barnhart v. Richardson, 134 Okla. 19, 272 P. 418, this court followed the McCall Case, supra, and in the body of the opinion this language is found:

"When persons meet and negotiate concerning a contract and discuss its proposed terms and conditions and finally end the matter by executing a written contract fully covering the subject, it represents the final agreement of the parties, and oral evidence tending to vary, contradict, enlarge or narrow the terms of the writing, is not admissible."

In Kinnard-Haines Co. v. Dillingham, 73 Okla. 129, 175 P. 208, paragraph 1 of the syllabus states as follows:

"Where the parties reduce their contract to writing, all oral negotiations, statements, and representations and inducements leading up to the execution thereof are merged therein, and the rights of the parties must be determined and measured by the terms of the written instrument itself."

Recent decisions from this court have reaffirmed this rule that execution of a contract in writing supersedes all oral negotiations concerning matters preceding or accompanying execution of the instrument. See Badgett v. Oklahoma Life Ins. Co., 176 Okla. 86, 54 P.2d 1059, and Vance v. Commercial Credit Co., 176 Okla. 343, 55 P.2d 1015.

In view of the holdings of this court regarding oral testimony in a case such as the one at bar, there being no allegation of mistake, accident, or fraud, we hold the action of the trial court in sustaining the motion for directed verdict was correct.

Judgment affirmed.

OSBORN, C. J., and PHELPS, HURST, and DAVISON, JJ., concur.